UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-3-JRW-CHL

JOHN H. SCHNATTER,

                                        Plaintiff,

v.

247 GROUP, LLC, et al.,                                   Defendants.

**Memorandum Opinion and Order**

Before the Court is an unopposed motion for leave to file certain materials under seal filed by Defendants 247 Group, and Wasserman Media Group, LLC ("Defendants") as briefed in DN 16. Also before the Court is a motion for leave to file a response to Defendant's motion to dismiss under seal filed by Plaintiff John H. Schnatter ("Plaintiff") as briefed in DN 21.

For the reasons set forth below, Defendants' motion to seal (DN 16) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's motion to seal (DN 21) is **GRANTED IN PART** and **DENIED IN PART**.

    **I.**       **MOTIONS TO SEAL**

    A.  <u>Legal Standard</u>

Although the Sixth Circuit has long recognized a "strong presumption in favor of openness" regarding court records, there are certain interests that overcome this "strong presumption." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). These interests include "certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179. The party seeking to seal the records bears a "heavy" burden; simply showing that public disclosure of the information would,

for instance, harm a company's reputation is insufficient. *Id.*; *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Instead, the moving party must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed. *Shane Grp. Inc.*, 825 F.3d at 307. Examples of injuries sufficient to justify a sealing of judicial records include those that could be used as "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978).

In rendering a decision, the Court must articulate why the interests supporting nondisclosure are compelling, why the interests supporting public access are not as compelling, and why the scope of the seal is no broader than necessary. *Shane Grp. Inc.*, 825 F.3d at 306. Importantly, the presumption that the public has the right to access judicial records does not vanish simply because all parties in the case agree that certain records should be sealed. *Rudd Equipment Co., Inc.*, 834 F.3d at 595 (noting that although the defendant did not object to the plaintiff's motion to seal, his lack of objection did not waive the public's First Amendment and common law right of access to court filings); *Shane Grp. Inc.*, 825 F.3d at 305 ("A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.")

B. Discussion

### 1. Defendants' Unopposed Motion to File Certain Materials Under Seal (DN 16)

Defendants move to file under seal an unredacted Motion to Dismiss and two exhibits to the Declaration of Michael Abate ("Abate Declaration"). Defendants contend that these documents contain sensitive confidential and commercial information the public disclosure of which would cause significant competitive harm to Defendants.

Specifically, Defendants argue the Master Services Agreement between Defendant Laundry Service and non-party Papa John's (the "MSA") which is Exhibit A to the Abate Declaration

contains proprietary information that reflects Defendants' and non-party Papa John's scope of work agreements, trade secrets, business strategies and pricing. (DN 16-1, Declaration of Michael R. Pickles ¶2.) Defendants argue that the parties to the agreement maintain its contents confidentially and that this information, if disclosed, would harm Defendants' business interests. (*Id.*) Further, Defendants argue Exhibit B to the Abate Declaration is a Mutual Termination Letter between Defendants and Papa John's whose terms are also confidential by agreement and which includes financial information related to the Defendants' private settlement with Papa John's that would be of value to competitors.

In recognition of the public presumption of access, Defendants contend their motion to seal is narrowly tailored because they request only that two exhibits to the Abate Declaration be sealed and only the portion of the Motion to Dismiss that quotes directly from those exhibits will be sealed.

Plaintiff does not oppose Defendants' motion to seal, however the lack of objection does not end the Court's independent analysis of whether the above documents should be sealed from public inspection. *Shane Grp. Inc.*, 825 F.3d at 305. Further, the Parties' agreement and determination that a document is confidential is not dispositive of this Court's analysis in a motion to seal. *See Beauchamp v. Federal Home Loan Mortgage Corp.*, 658 Fed.Appx. 202, 207 (6th Cir. 2016).

The Court individually examined the unredacted version of the motion to dismiss, Exhibit A and Exhibit B to the Declaration of Michael Abate. The Court finds that the public interest in these documents is extremely high as the underlying event in the Complaint garnered significant media attention, the documents are in support of a dispositive motion, and the exhibits are central to the allegations in the Complaint regarding breach of contract. (DN 1.) For these reasons, the Court also finds that *Kentucky v. Marathon Petroleum Company LP,* 2018 WL 3130945 is not analogous

as that case implicated a low level of public interest in documents that were attached to a motion to dismiss based on lack of personal jurisdiction and the documents were only offered to show business contacts in the operative region, but were not evidence on the merits of the case.

"The greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Rudd Equipment Co., Inc.*, 834 F.3d 594. Further, the public is entitled to assess for itself the merits of judicial decisions and therefore the public has an interest in ascertaining what evidence and records the Court has relied upon in reaching that decision. *Shane Grp. Inc.*, 825 F.3d at 305.  Accordingly, the Court finds a compelling reason to seal only the parts of these documents that contain sensitive commercial information regarding pricing, strategy, and competitors which would cause significant competitive harm to Defendants in the marketplace if disclosed.

However, the Court is not persuaded that the request to seal is narrowly tailored as tendered since many of the provisions that Defendants moved to seal are central to the lawsuit, do not contain information that implicates the privacy rights of third parties or participants, do not contain business information that could be used by competitors to undercut Defendants in the marketplace, and do not contain trade secrets.

Therefore, the Court finds that in order to balance the compelling interest of public access with the competitive business harm that could occur from disclosure of certain provisions of these documents, the Defendants shall file newly redacted versions of the following: (1) Exhibit A- redacting only the following words: DN 17-1, at PageID # 111 starting from the first bolded word under Section 1 after the words "Deliverables include" until the end of Section 1; DN 17-1 at PageID #113 the number of team members the agency will staff provided in the first sentence of Section 2; DN 17-1 at PageID #113 starting from the first underlined word in Section 2 after the

words "dedicated employees" until the end of Section 2; DN 17-1 at PageID #113 any numerical figures preceded by a "$"; and DN 17-1, at PageID # 115 all of the names of competitors listed in numbers 1-44.  (2) Exhibit B- DN 17-1, at PageID #117 redacting the numerical figure and its written out counterpart in between the words "sum of" and "by wire" in paragraph three.

The Court finds Defendants have not met their heavy burden to rebut the presumption of openness by showing that the information contained in the preliminarily sealed documents, except for the above enumerated excerpts, would cause Defendants a clearly defined and serious injury. The redacted documents as modified will ensure that the scope of the seal is no broader than necessary.

Defendants quote on pages 9 and 14 of their motion to dismiss the same portions of Exhibit B that will be unredacted according to the Court's above instructions, and accordingly the motion for leave to file the motion to dismiss under seal is **DENIED**. The Court directs the Clerk to unseal DN 17 and DN 17-2 The motion for leave to file Exhibits A and B under seal is **GRANTED IN PART**. The Court directs the Clerk that DN 17-1 shall remain under seal and Defendant shall file a newly redacted version of DN 17-1 for public access pursuant to the limitations set forth above.

### 2. Plaintiff's Motion to File Under Seal his Response to Defendant's Motion to Dismiss (DN 21)

Pursuant to LR 5.7(c), Plaintiff moves the Court for leave to file under seal his response to Defendants' motion to dismiss the Complaint for failure the state a claim (DN 18). In support of his motion, Plaintiff states that it is necessary to quote from two exhibits attached to Defendants' Motion to Dismiss that were filed under seal by Defendants. Plaintiff argues that according to Defendants' motion to file under seal, there are compelling reasons to seal Exhibits A and B to Defendants' motion to dismiss because they contain sensitive confidential and commercial

information the public disclosure of which would cause competitive harm to Defendants. Plaintiff argues that to be consistent with Defendants' requests, Plaintiff also requests that this Court grant his motion for leave to file his response under seal.

The Court finds that the portion of the Mutual Termination Letter quoted on page 5 of Plaintiff's response is part of Exhibit A discussed above, but pursuant to the same reasoning in the above section only the numerical figure preceded by "$" shall remain redacted. The portion of the Mutual Termination Letter quoted on page 11 of Plaintiff's motion is to be unsealed pursuant to the same reasoning as above. Plaintiff shall file a newly redacted response according to this order. Accordingly, the Plaintiff's motion for leave to file his response under seal is **GRANTED IN PART** and **DENIED IN PART**. The Court directs the Clerk that DN 22 shall remain under seal.

## II. ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

(1) Defendants' motion for leave to file certain materials under seal (DN 16) is **GRANTED IN PART** and **DENIED IN PART**.

   (a) The motion to seal DN 17 is **DENIED.**

   (b) The motion to seal DN 17-1 is **GRANTED IN PART**.

   (c) DN 17-1 **shall remain under seal**.

   (d) Defendants shall file a supplemental redacted version of DN 17-1 pursuant to the Court's orders above on or before **June 12, 2020**.

   (e) The Court directs the Clerk to **unseal** DNs 17 and 17-2 on or before June 23, 2020.

(2) Plaintiff's motion to file under seal his response to Defendants' motion to dismiss (DN 21) is **GRANTED IN PART** and **DENIED IN PART.**

   (a) DN 22 **shall remain under seal**.

  (b) Plaintiff shall file a supplemental redacted version of DN 22 pursuant to the Court's orders above on or before **June 12, 2020.**

June 8, 2020

                  Colin H Lindsay, Magistrate Judge
                   United States District Court

cc: Counsel of record