UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00003-BJB-CHL

JOHN H. SCHNATTER,                                                                               Plaintiff,

v.

247 GROUP, LLC, et al.,                                                                        Defendants.

### MEMORANDUM OPINION AND ORDER

Before the Court is the motion to strike (the "Motion") filed by Defendants 247 Group, LLC and Wasserman Media Group, LLC (collectively "Defendants"). (DN 139.) Plaintiff John H. Schnatter ("Plaintiff") has filed a response in opposition (DN 145), to which Defendants have filed a reply (DN 154.)

**I.     BACKGROUND**

On December 5, 2019, Plaintiff filed suit against Defendants in state court alleging breach of contract, tortious interference with prospective economic advantage, and intentional infliction of emotional distress.[1]  (DN 1-1, at PageID # 18–21.)  The case was removed to this Court on January 2, 2020.  (DN 1.)  On August 11, 2021, Defendants filed a motion to dismiss all claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil procedure.  (DN 119.)  On September 10, 2021, Plaintiff filed his response.  (DN 134.)  In support of his response, Plaintiff attached as exhibits fifty documents comprising nearly 300 pages of evidence.  (*See id.*)  Addressing his inclusion of these exhibits, Plaintiff states:

> Although the Motion is a Motion to Dismiss, the parties have engaged in extensive discovery including the exchange of tens of thousands of documents and numerous depositions since the filing of this action in December 2019 (and the removal to this Court and

---

[1] Plaintiff has since amended his complaint, now asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, tortious interference with contract, and prima facie tort. (DN 50, at PageID # 476–72.)

> the tendering of the Amended Complaint in October, 2020). The evidence and information gathered during this time supports and impacts the allegations of the Amended Complaint (DN 50). Consideration of a dispositive motion in a vacuum without this information would not provide the Court with all of the appropriate information to decide the merits of the claims . . . The Response, therefore, includes references to and attachment of certain information obtained in discovery, which, pursuant to Fed. R. Civ. P. 12(d), if considered, converts the motion to one for summary judgment.

(*Id.*, at PageID # 1623 n.1.)

During a telephonic status conference on September 20, 2021, Defendants notified the Court of their position that certain exhibits to Plaintiff's response were improperly filed and stated that they plan to file a motion to strike the exhibits from the record. (DN 137, at PageID # 2372.) On September 24, 2021, Defendants filed the instant Motion. (DN 139.)

## II. DISCUSSION

On a motion to dismiss pursuant to Rule 12(b), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In the event that the court converts a motion to dismiss to a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

In their Motion, Defendants request: (1) that the Court exclude all exhibits to Plaintiff's response and references to the exhibits therein from its consideration of Defendants' motion to dismiss; and (2) that the Court exercise its inherent authority over the docket to strike the exhibits and references from the record. (DN 139, at PageID # 2383–88.) In support of their request to exclude, Defendants assert that relying on the exhibits "would seriously prejudice Defendants, who have offered *no* materials outside the pleadings that cannot be considered under Rule 12." (DN 139, at PageID # 2385) (emphasis in original) (citation omitted). Defendants further argue

2

that conversion "would rob Defendants of any 'reasonable opportunity' to present all material pertinent to such a motion" given that discovery remains ongoing and that discovery disputes remain pending. (*Id.*) (quoting Fed. R. Civ. P. 12(b)). Finally, Defendants argue that conversion is inappropriate where a non-movant presents matters outside the pleadings in responding to a motion to dismiss because it "would deprive the moving party of a reasonable opportunity to fully respond." (DN 154, at PageID # 2680.) In support of their request to strike, Defendants argue that matters outside the pleadings presented on a 12(b)(6) motion should appropriately be stricken from the record, citing to several cases that have taken that approach. (DN 139, at PageID # 2387; DN 154, at PageID # 2672–75.) Defendants further argue that striking the exhibits would prevent unfair prejudice that may result from "plac[ing] in the public's view certain cherry-picked documents, divorced from context, that Plaintiff can wield in his public effort to repair his damaged reputation." (DN 139, at PageID # 2387.)

"[F]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (3d ed. April 2021 Update) (collecting cases). *See McCartney v. Barg*, 643 F. Supp. 1181, 1184 (N.D. Ohio 1986) ("The Court is vested with wide-ranging discretion in determining the appropriateness of such a transformation."). Conversion is not precluded when extraneous evidence is offered solely by a non-movant, and indeed, the Sixth Circuit has upheld a conversion under such circumstances. *See Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 614 (6th Cir. 2009). Rather, the central question is whether the matters offered and the additional procedures required by Rule 56 will facilitate disposition of the action or alternatively whether the court can base its decision upon

the face of the pleadings.  WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366.  The Court will be best situated to answer that question when ruling on Defendants' motion to dismiss.  Therefore, the Court defers its determination of whether matters presented on that motion ought to be excluded.  Upon review of Defendants' motion, the Court will consider the evidence presented, the Parties' arguments, and the posture of this case to determine the proper vehicle for a just and efficient resolution.

Because consideration of whether Plaintiff's exhibits ought to be excluded is deferred, Defendants' argument that the exhibits should be stricken on that basis is moot.  Turning their other argument, the Court disagrees that striking the documents is necessary to protect Defendants from prejudice.  The exhibits are currently filed provisionally under seal pursuant to the Parties' confidentiality agreement pending a ruling Plaintiff's motion to seal.  (DN 133; DN 135.)  Defendants' briefing on the motion to seal is stayed pending a ruling on the instant motion to strike.  (DN 137.)  Thus, Defendants will have a full opportunity to brief the Court on any injury that would result from allowing the exhibits in the public record.  Therefore, the Court declines to strike the exhibits on this basis.

### III. ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

1. DN 139 is **DENIED**.

2. The stay of briefing on Plaintiff's motion for leave to seal (DN 133) set forth in the Court's September 21, 2021 order (DN 137) is **VACATED**. Defendants' response to DN 133 shall be filed on or before **December 6, 2021**. Any reply shall be governed by Local Rule 7.1.

*Colin H Lindsay, Magistrate Judge*
United States District Court

November 22, 2021
cc: Counsel of record