## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO.  3:20-CV-00003-BJB-CHL

JOHN H. SCHNATTER,                                                    **Plaintiff,**

**v.**

247 GROUP, LLC , et al.,                                              **Defendants.**

### MEMORANDUM OPINION AND ORDER

Before the Court is a motion for leave to seal filed by Plaintiff John H. Schnatter ("Schnatter").  (DN 133.)  In the motion, Schnatter requests leave to file provisionally under seal portions of his response opposing dismissal (DN 134) and accompanying exhibits containing information designated as confidential by Defendant 247 Group, LLC ("Laundry Service") and Defendant Wasserman Media Group, LLC ("Wasserman Media") (collectively "Defendants"). (*Id.* at PageID # 1585.)  Pursuant to the Parties' confidentiality agreement, Schnatter filed these documents provisionally under seal in order to give Defendants an opportunity to move for the Court to permanently seal them.  (*Id.*)  Defendants filed a response requesting that the Court permanently redact or seal nineteen of the exhibits (DN 174), to which Schnatter filed a reply (DN 177.)  Therefore, this matter is ripe for review.

### I.      BACKGROUND

Schnatter is the founder of Papa John's International ("Papa John's") and served as its CEO and Chairman until 2018.  (DN 1-1, at PageID # 12, 17.)  Papa John's contracted with Laundry Service to provide marketing services beginning January 1, 2018.  (DN 35-1, at PageID # 313.) On May 22, 2018, Schnatter participated in a call with Laundry Service during which Schnatter made controversial comments about racial issues and uttered a racial slur.  (DN 1-1, at PageID #

16.)  Unbeknownst to Schnatter, that call was recorded, and the audio was subsequently disclosed to *Forbes Magazine*.  (*Id.*, at PageID # 16–17.)  On July 11, 2018, *Forbes* published details about the call, and Schnatter resigned as Chairman of Papa John's the same day.  (*Id.*, at PageID # 17.)  Following the May 22, 2018 call, Laundry Service negotiated with Papa John's to end their relationship, and their service agreement was formally terminated on July 2, 2018. (DN 35-1, at PageID # 316.)

On December 5, 2019, Plaintiff filed suit against Defendants in state court alleging breach of contract, tortious interference with prospective economic advantage, and intentional infliction of emotional distress.  (DN 1-1, at PageID # 18–21.)  Schnatter named Laundry Service and its parent company Wasserman Media as defendants.  (*Id.* at 12.)  The case was removed to this Court on January 2, 2020.  (DN 1.)  Plaintiff has since amended his complaint, now asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, tortious interference with contract, and prima facie tort.  (DN 50, at PageID # 476–72.)

On August 11, 2021, Defendants filed a motion to dismiss Schnatter's amended complaint for failure to state a claim.  (DN 119.)  On September 10, 2021, Schnatter filed his response, which included 49 exhibits.  (DN 134.)  Due to his instant motion to provisionally seal, Schnatter redacted from his response and accompanying exhibits information that Defendants designated as confidential.  (*See generally* DN 134.)  Schantter then separately filed unredacted versions of the documents provisionally under seal.  (DN 135.)  In his motion, Schnatter asserts that "that the vast majority of the deposition pages that are being filed under seal, as well as the documents marked confidential, are inappropriately designated as CONFIDENTIAL under the Parties' Confidentiality Agreement."  (DN 133, at PageID # 1585.)  Schnatter argues that "[o]nly those parts of the documents that are appropriately marked as CONFIDENTIAL should be filed under

seal." (*Id.*)  In response, Defendants state that that "do not object to the vast majority of the materials being unsealed." (DN 174, at PageID # 2870) (emphasis removed).  Defendants request that the Court seal or redact information "related to a party's confidential and competitive commercial information or an individual's personal and private interests." (*Id.* at 2871.)

## II.    LEGAL STANDARD

Although the Sixth Circuit has long recognized a "strong presumption in favor of openness" regarding court records, there are certain interests that overcome this "strong presumption." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)).  These interests include "certain privacy rights of participants or third parties, trade secrets, and national security." *Brown*, 710 F.2d at 1179.  The party seeking to seal the records bears a "heavy" burden; simply showing that public disclosure of the information would, for instance, harm a company's reputation is insufficient. *Id.*; *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).  Instead, the moving party must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed. *Shane*, 825 F.3d at 307.

In rendering a decision, the Court must articulate why the interests supporting nondisclosure are compelling, why the interests supporting public access are not as compelling, and why the scope of the seal is no broader than necessary. *Shane*, 825 F.3d at 306.  Importantly, the presumption that the public has the right to access judicial records does not vanish simply because all parties in the case agree that certain records should be sealed. *Rudd*, 834 F.3d at 595 (noting that although the defendant did not object to the plaintiff's motion to seal, his lack of objection did not waive the public's First Amendment and common law right of access to court

filings); *Shane*, 825 F.3d at 305 ("A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.").

## III.  DISCUSSION

Defendants seek to redact or seal nineteen exhibits. Below, the Court addresses each of Defendants' requests.

### a.  Exhibits 32, 36, and 51 (DN 134-27, DN 134-31, and DN 134-44)

Exhibits 32, 36, and 51 are private message exchanges between former Laundry Service employee Jay Salim and various third parties. (DN 134-27; DN 134-31; DN 134-44.) Defendants seek to redact private phone numbers displayed in these documents, which were produced by Mr. Salim and designated by him as confidential. (DN 174, at PageID # 2884–85, 2888.) Schnatter does oppose any of these proposed redactions. (DN 177, at PageID # 2903–05.)

"District courts regularly find good cause exists for allowing redactions in court filings in order to protect personal identifying information, including email addresses and phone numbers." *Ohio A. Philip Randolph Inst. v. Householder*, No. 1:18-CV-357, 2019 WL 3287985, at *2 (S.D. Ohio Mar. 2, 2019) (collecting cases). Courts within the Sixth Circuit applying the standard set forth in *Shane* have followed suit, granting requests to seal personal phone numbers and email addresses contained in court filings. *Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2021 WL 4841064, at *2 (S.D. Ohio Oct. 18, 2021); *In re Flint Water Cases*, No. 5:16-CV-10444-JEL-MKM, 2021 WL 1877018, at *2 (E.D. Mich. Apr. 21, 2021); *NFocus Consulting Inc. v. Uhl*, No. 2:20-CV-5106, 2020 WL 6791232, at *2 (S.D. Ohio Nov. 19, 2020). Here, the Court likewise finds that the public interest in access is outweighed by third party privacy interests in precluding public dissemination of their personal telephone numbers. Therefore, Defendants' request to redact Exhibits 32, 36, and 51 will be granted.

### b. Exhibit 2 (DN 134-2)

Exhibit 2 is an excerpt of the transcript of the September 18, 2020 deposition of Laundry Service's former employee Timotheus Polder.  (DN 134-2.)  Defendants seek to redact one line of testimony that "relates to a 'pitch' of a new client that Laundry Service was working to obtain, which is not otherwise publicly known."  (DN 174, at PageID # 2873.)  Defendants also seek to redact eight lines of testimony that "concerns the level of staffing Laundry Service provided as a Creative Agency of Record to Papa John's."  (*Id.*)  In support of their requests, Defendants assert that the proposed redactions cover "competitively sensitive information."  (*Id.*)  Schnatter does not oppose redacting the reference to Defendants' prospective client pitch, but argues that the information about their work for Papa John's should not be sealed because "the level of staffing in July 2018 for a now-terminated and defunct account is not a trade secret, nor will harm Defendants competitively."  (DN 177, at PageID # 2907.)

The Court finds that Defendants have failed to show a compelling reason to redact information about its prospective client.  The relevant testimony does not reveal any details about the proposed relationship other than the existence of a "pitch."  Defendants have not explained how "could use such information to formulate their own bids to compete for accounts that Defendant seeks," (DN 174, at PageID # 2873), nor have they provided any other reason why a concrete injury would result if this information were made public.  Therefore, Defendants' request to redact this information will be denied.  The Court further finds that Defendants have established a compelling reason to redact testimony related to staffing provided in rendering services to Papa John's.  The Court found that competitive business harm could occur if the terms of Laundry Service's agreement with Papa John's are made public when the Court sealed portions of the master services agreement between Laundry Service and Papa John's, including "the number of

team members [Laundry Service] will staff . . . ."  (DN 34, at PageID # 285.)  However, Defendants' interest in nondisclosure is diminished here because the risk that a competitor could tailor its proposals to undercut Defendants is far lower with disclosure of a single term of the agreement as opposed to the entire agreement.  The passage of time has also mitigated that risk.  *See Shane*, 825 F.3d at 308 (finding that "the particulars of years-ago negotiations are unlikely to amount to a trade secret").  Additionally, the public interest in the information is greater here, when it has been offered to support a response to a dispositive motion in a later stage of litigation.  Schnatter's response to Defendants' motion to dismiss directly references the portion of Polder's deposition that Defendants seek to redact.  (DN 134, at PageID # 1625.)  Given the significant public attention this case has garnered, the public has a heightened interest in accessing and evaluating evidence presented on the merits.  *See Shane*, 825 F.3d at 305 (holding that "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access").  Based on the foregoing, the Court finds that the balance of interests tips in favor of public access.  Therefore, Defendants' request to redact Exhibit 2 will be denied.

### c.  Exhibit 3 (DN 134-3)

Exhibit 3 is an excerpt of the transcript of the September 23, 2020 deposition of Laundry Service's employee Randi White.  (DN 134-3.)  Defendants seek to redact seven lines of testimony that "concerns both the level of staffing Laundry Service provided as a Creative Agency of Record, as well as the strategy it used for staffing."  (DN 174, at PageID # 2874.)  In support of their requests, Defendants assert that the proposed redactions cover "competitively sensitive information."  (*Id.*)  Schnatter argues that the information should not be sealed because it "is not a trade secret, nor will harm Defendants competitively."  (DN 177, at PageID # 2908.)

The Court finds that Defendants have established a compelling reason to redact testimony related to staffing provided in rendering services to Papa John's.  The Court found that competitive business harm could occur if the terms of Laundry Service's agreement with Papa John's are made public when the Court sealed portions of the master services agreement between Laundry Service and Papa John's, including "the number of team members [Laundry Service] will staff . . . ."  (DN 34, at PageID # 285.)  However, Defendants' interest in nondisclosure is diminished here because the risk that a competitor could tailor its proposals to undercut Defendants is far lower with disclosure of a single term of the agreement as opposed to the entire agreement.  The passage of time has also mitigated that risk.  Additionally, the public interest in the information is greater here, when it has been offered to support a response to a dispositive motion in a later stage of litigation.  Further, Schnatter's response to Defendants' motion to dismiss directly references the portion of Polder's deposition that Defendants seek to redact.  (DN 134, at PageID # 1625 n.5.)  Given the significant public attention this case has garnered since the Court sealed the master services agreement, the public has a heightened interest in accessing and evaluating evidence presented on the merits.  Based on the foregoing, the Court finds that the balance of interests tips in favor of public access.  Therefore, Defendants' request to redact Exhibit 3 will be denied.

### d.  Exhibit 5 (DN 134-5)

Exhibit 5 is an October 17–18, 2017 email thread among Wasserman Media CEO Casey Wasserman, former Laundry Service CEO Jason Stein, Laundry Service CMO Mike Mikho, and former Papa John's CMO Brandon Rhoten.  (DN 134-5.)  Defendants argue that information "concerning the financial terms, the internal hiring needs, and the competitively sensitive information about the potential terms of any agreement with Papa John's should be redacted because it constitutes commercial and confidential information regarding pricing, strategy, and

competitors." (DN 174, at PageID # 2874.)  Schnatter does not oppose the proposed redactions. (DN 177, at PageID # 2901.)

The Court finds that Defendants have established a compelling reason to redact details about the terms of Laundry Service's agreement with Papa John's.  The Court found that competitive business harm could occur if the terms of Laundry Service's agreement with Papa John's are made public when the Court sealed portions of the master services agreement between Laundry Service and Papa John's, including deliverables.  (DN 34, at PageID # 285.)  However, Defendants' interest in nondisclosure is diminished here because the risk that a competitor could tailor its proposals to undercut Defendants is far lower with disclosure of isolated details about the agreement as opposed to the entire agreement.  The passage of time has also mitigated that risk.  Additionally, the public interest in the information is greater here, when it has been offered to support a response to a dispositive motion in a later stage of litigation.  Further, Schnatter's response to Defendants' motion to dismiss directly quotes a portion of the email that Defendants' seek to redact.  (DN 134, at PageID # 1624.)  Given the significant public attention this case has garnered since the Court sealed the master services agreement, the public has a heightened interest in accessing and evaluating evidence presented on the merits.  Based on the foregoing, the Court finds that the balance of interests tips in favor of public access.  Therefore, Defendants' request to redact this information will be denied.  Defendants also seek to redact from Exhibit 5 an employee's phone number. For the reasons discussed in section III(a) above, Defendants' request to redact the employee phone number will be granted.

**e.  Exhibit 6 (DN 134-6)**

Exhibit 6 is an October 26, 2017 email thread among Casey Wasserman, Jason Stein, and Brandon Rhoten.  (DN 134-6.)  Defendants argue that information "concerning the financial terms

of the staff plan and production budget, as well as the status of negotiations, should be redacted because it constitutes commercial and confidential information regarding pricing, strategy, and competitors." (DN 174, at PageID # 2875.) Schnatter does not oppose the proposed redactions. (DN 177, at PageID # 2901.)

The Court finds that Defendants have established a compelling reason to seal information concerning the terms of the service agreement between Laundry Service and Papa John's. The Court found that competitive business harm could occur if the terms of Laundry Service's agreement with Papa John's are made public when the Court sealed portions of the master services agreement between Laundry Service and Papa John's, including financial terms. (DN 34, at PageID # 285.) However, Defendants' interest in nondisclosure is diminished here because the risk that a competitor could tailor its proposals to undercut Defendants is far lower with disclosure of isolated details about the agreement as opposed to the entire agreement. The passage of time has also mitigated that risk. Additionally, the public interest in the information is greater here, when it has been offered to support a response to a dispositive motion in a later stage of litigation. Given the significant public attention this case has garnered since the Court sealed the master services agreement, the public has a heightened interest in accessing and evaluating evidence presented on the merits. Based on the foregoing, the Court finds that the balance of interests tips in favor of public access. Therefore, Defendants' request to redact Exhibit 6 will be denied.

**f. Exhibit 8 (DN 134-8)**

Exhibit 8 is an excerpt from the transcript of the May 17, 2021 deposition of Casey Wasserman. (DN 134-8.) Defendants seek to redact six "dollar amounts related to Defendants' internal, competitively sensitive pricing information for services provided to Papa John's and settlement negotiations with Papa John's concerning those amounts." (DN 174, at PageID # 2876.)

In support of their requests, Defendants assert that: (1) "[c]ompetitors within a marketplace could use such information to formulate their own bids to compete for accounts that Defendant seeks"; (2) "such information could be used by prospective clients of to undermine Defendants' pricing negotiations"; and (3) "disclosure of any settlement pricing negotiations undermines the public policy interest that favors protecting the secrecy of matters discussed by parties during settlement negotiations." (*Id.*) Schnatter does not oppose the proposed redactions. (DN 177, at PageID # 2901.)

The Court finds that Defendants have established a compelling reason to seal the dollar amounts. These amounts were discussed in reference to negotiations for a settlement of amounts owed upon termination of Laundry Service's agreement with Papa John's. Among the three categories of information that Sixth Circuit has recognized as sufficiently sensitive to overcome is information covered by privilege. *See Shane*, 825 F.3d at 308. In *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 979 (6th Cir.2003), the Sixth Circuit found, "[t]he public policy favoring secret negotiations, combined with the inherent questionability of the truthfulness of any statements made therein, leads us to conclude that a settlement privilege should exist." While the ruling in *Goodyear* is actually "quite limited," it does "shield[] from discovery communications made, or documents created, for the specific purpose of furthering settlement negotiations." *Westlake Vinyls, Inc. v. Goodrich Corp.*, 2007 U.S. Dist. LEXIS 47857, *10, *13 (W.D. Ky. 2007). This legal protection "is typically enough to overcome the presumption of access." *Shane*, 825 F.3d at 308. On the other hand, while the public interest in access to evidence offered in support of Schnatter's brief opposing dismissal is heightened, the interest is mitigated with respect to Defendants' proposed redactions because Schnatter does not cite to this testimony

in his underlying brief.  Based on the foregoing, the Court finds that the balance of interest tips in favor of secrecy.

The Parties are advised that this finding does not ensure that the documents will remain redacted if cited again in the future or refiled elsewhere in the record. If presently-redacted information becomes more important to this Court's later decisions, the interests supporting public access may increase as well.  *See Rudd*, 834 F.3d at 594.

### g.  Exhibit 14 (DN 134-14)

Exhibit 14 is an excerpt from the transcript of the May 25, 2021 deposition of former Laundry Service employee Chad Lee Baker.  (DN 134-14.)  Defendants seek to redact two references to a pitch to prospective client that was ultimately successful.  (DN 174, at PageID # 2878.)  In support of their request, Defendants assert that the identity of their client "constitutes confidential and competitively sensitive information."  (*Id.*)  Schnatter does not oppose the proposed redactions.  (DN 177, at PageID # 2902.)

The Court finds that Defendants have failed to establish a compelling reason to redact the information at issue.  The relevant testimony does not reveal any details about the proposed relationship other than the existence of a "pitch."  Defendants do not provide any explanation as to how disclosure would expose them to commercial harm nor have they provided any other reason why a concrete injury would result if this information were made public.  Therefore, Defendants' request to redact this information will be denied.

### h.  Exhibit 17 (DN 134-17)

Exhibit 17 is an April 29, 2018 email to Casey Wasserman from an employee "providing a weekly update concerning events related to Laundry Service and nonparties Cycle and Cycle Media."  (DN 174, at PageID # 2879.)  Defendants seek to redact the entire email except a single

sentence concerning Papa John's.  (*Id.*)  In support of their request, Defendants state that "[t]he contents of the email concern competitively sensitive and confidential information about pricing, strategies, and non-party clients, which, if disclosed, could cause harm to Defendants' competitive standing in the marketplace." (*Id.*)  Schnatter does not oppose the proposed redactions.  (DN 177, at PageID # 2902.)

The Court finds that Defendants have met their burden of establishing a compelling reason to seal the information at issue.  The email includes details about proposed agreements with several potential clients, client and potential client feedback, current projects, and internal programming. If made public, a competitor may use this information to "harm a [Defendants'] competitive standing." *Kentucky v. Marathon Petroleum Co. LP*, No. 3:15-CV-354-DJH, 2018 WL 3130945, at *5 (W.D. Ky. June 26, 2018) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978).  Additionally, the email reveals private strategic information affecting not just Laundry Service, but also third party agencies and clients.  Thus, the privacy interests are more compelling because the "privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Shane*, 825 F.3d at 308 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).  While the public interest in access is heightened here, when it has been offered to support a response to a dispositive motion, that interest is mitigated because Schnatter's underlying brief does not cite to or reference any of the information that Defendants' seek to redact.  Indeed, the information Defendants seek to redact have no bearing on the issues in this case.  Based on the forgoing, the Court finds that the balance of interests tilts in favor of secrecy.  Therefore, Defendants request to redact Exhibit 17 will be granted.

The Parties are advised that this finding does not ensure that the documents will remain redacted if cited again in the future or refiled elsewhere in the record. If presently-redacted information becomes more important to this Court's later decisions, the interests supporting public access may increase as well. *See Rudd*, 834 F.3d at 594.

### i.   Exhibit 25 (DN 134-22)

Exhibit 25 is 2018 summary of the Papa John's national marketing fund. (DN 134-22.) Defendants argue that the entire exhibit should be sealed "because it concerns competitively sensitive financial information, pricing terms, and strategy of non-party Papa John's . . . [and] includes competitively sensitive information related to payments owed to defendant Laundry Service." Schnatter does not oppose their request. (DN 177, at PageID # 2903.)

The Court finds that Papa John's privacy interest is not a compelling reason to seal Exhibit 25. Papa John's is a publicly traded corporation subject to annual reporting requirements. Its annual reports reveal far more detailed information about its marketing fund than Exhibit 25, including details about accounting and strategies.[1] Other than their conclusory assertion, Defendants have provided no explanation of how disclosure of a three-year old summary of marketing expenses would result in concrete injury to Papa John's. To the extent that Exhibit 25 shows amounts owed to Laundry Service, the Court finds that Defendants have established a compelling reason to seal. The Court found that competitive business harm could occur if the terms of Laundry Service's agreement with Papa John's are made public when the Court sealed portions of the master services agreement between Laundry Service and Papa John's, including financial terms. (DN 34, at PageID # 285.) However, Defendants' interest in nondisclosure is diminished here because the risk that a competitor could tailor its proposals to undercut Defendants

---

[1] Papa John's, *Annual Reports and Proxies*, PAPAJOHNS.COM, https://ir.papajohns.com/annual-reports-and-proxies (last visited Jan. 12, 2022).

is far lower with disclosure of isolated details about total payments as opposed to the entire agreement.  The passage of time has also mitigated that risk.  Additionally, the public interest in the information is greater here, when it has been offered to support a response to a dispositive motion in a later stage of litigation.  Given the significant public attention this case has garnered since the Court sealed the master services agreement, the public has a heightened interest in accessing and evaluating evidence presented on the merits.  Based on the foregoing, the Court finds that the balance of interests tips in favor of public access.  Therefore, Defendants' request to redact Exhibit 25 will be denied.

> **j.  Exhibit 26 (DN 134-23)**

Exhibit 26 is a May 22, 2018 email from a Laundry Service employee to a Papa John's employee concerning the scope of work under their service agreement.  (DN 134-23.)  Defendants seek to redact the financial terms discussed in the email because they constitute "competitively sensitive financial information and pricing terms, the disclosure of which could harm Laundry Service and/or Papa John's in the marketplace with respect to negotiations and bids for any work."  (DN 174, at PageID # 2882.)  Schnatter does not oppose the proposed redactions.  (DN 177, at PageID # 2903.)

The Court finds that Defendants have established a compelling reason to seal information concerning the terms of the service agreement between Laundry Service and Papa John's.  The Court found that competitive business harm could occur if the terms of Laundry Service's agreement with Papa John's are made public when the Court sealed portions of the master services agreement between Laundry Service and Papa John's, including financial terms.  (DN 34, at PageID # 285.)  However, Defendants' interest in nondisclosure is diminished here because the risk that a competitor could tailor its proposals to undercut Defendants is far lower with disclosure

of isolated details about the agreement as opposed to the entire agreement.  The passage of time has also mitigated that risk.  Additionally, the public interest in the information is greater here, when it has been offered to support a response to a dispositive motion in a later stage of litigation.  Given the significant public attention this case has garnered since the Court sealed the master services agreement, the public has a heightened interest in accessing and evaluating evidence presented on the merits.  Based on the foregoing, the Court finds that the balance of interests tips in favor of public access.  Therefore, Defendants' request to redact Exhibit 26 will be denied

### k.  Exhibit 28 (DN 134-25)

Exhibit 28 is a 2018 private message thread between two Laundry Service employees.  (DN 134-25.)  Defendants seek to redact from a message a numerical figure representing the amount of money spent on a project.  (DN 174, at PageID # 2882.)  Defendants argue that the numerical figure is "competitive, sensitive and confidential financial information" that competitors could use to undercut them in the market.  (*Id.*)  Schnatter does not oppose the proposed redaction.

The Court finds that Defendants have failed to meet their burden of showing a compelling reason to redact the message at issue.  The message contains no information within the categories that the Sixth Circuit has recognized as sufficiently sensitive to overcome the public right of access because it contains no trade secrets, no information covered by privilege, and no information covered by a statute mandating confidentiality.  *See Shane*, 825 F.3d at 308.  While the message does reveal estimated expenditures for a particular project, it does not specify the scope or timeframe of the project nor any breakdown of costs.  Other than a conclusory assertion, Defendants provide no explanation as to how a competitor could use this information to cause them commercial harm.  Therefore, Defendants' request to redact Exhibit 28 will be denied.

### l.   Exhibit 34 (DN 134-29)

Exhibit 34 is a private message thread between two Laundry Service employees.  (DN 134-29.)  Defendants seek to redact a single message that "references a non-party's personal and private information, including information about the non-party's wife."  (DN 174, at PageID # 2884.)  In support of their request, Defendants assert that "[t]his information is not relevant to the merits of the case and concerns a non-party's private information."  (*Id.*)  Schnatter argues that Defendants have not met their burden of showing that the information should be sealed, but states that he "does not object to redacting the reference to the wife."  (DN 177, at PageID # 2908.)

The Court finds that Defendants have failed to meet their burden of showing a compelling reason to redact the message at issue.  The message contains no information within the categories that the Sixth Circuit has recognized as sufficiently sensitive to overcome the public right of access because it contains no trade secrets, no information covered by privilege, and no information covered by a statute mandating confidentiality.  *See Shane*, 825 F.3d at 308.  Defendants have not provided any explanation as to how disclosure of the information in the message would result in concrete injury.  While Defendants stress the "personal" nature of a comment about a non-party's wife, "the cases where the sealing of information has been upheld concerned clearly personal and impertinent details associated with third parties, such as personal identifying information of crime victims or financial records of a bank's customers."  *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 377 F. Supp. 3d 779, 787 (E.D. Mich. 2019).  Office gossip does not fall within that category.  Therefore, Defendants' request to redact Exhibit 34 will be denied.

### m.  Exhibit 35 (DN 134-30)

Exhibit 35 is a May 23, 2018 private message thread between Timotheus Polder and Jay Salim.  (DN 134-30.)  Defendants seek to redact a message "that concerns work that Mr. Polder

was performing for another client of Laundry Service." (DN 174, at PageID # 2885.) Defendants argue that this "information is confidential and competitively sensitive information." (*Id.*) In response, Schnatter argues that "this message is simply referring to behavior during meetings and does not disclose any confidential information and in no way meets the heavy burden to seal." (DN 177, at PageID # 2908.)

The Court finds that Defendants have failed to meet their burden of showing a compelling reason to redact the message at issue. The message contains no information within the categories that the Sixth Circuit has recognized as sufficiently sensitive to overcome the public right of access because it contains no trade secrets, no information covered by privilege, and no information covered by a statute mandating confidentiality. *See Shane*, 825 F.3d at 308. The message in question is an admonishment regarding cellphone use in meetings which references a complaint by another employee that the practice is "SUPER embarrassing and makes us look childish as an agency" and cites literature regarding the effect of cellphone use on focus. Contrary to Defendants' assertion, the message does not reference a Laundry Service client and includes no other information that could be considered competitively sensitive. While Defendants may prefer that this information remain private, "[s]imply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records." *Brown*, 710 F.2d at 1179. Therefore, Defendants' request to redact this message will be denied. Defendants also seek to redact a personal phone number included in a message. For the reasons discussed in section III(a) above, Defendants' request to redact the phone number will be granted.

### n.  Exhibit 43 (DN 134-37)

Exhibit 43 is a June 1, 2018 from Laundry Service general counsel to Papa John's general counsel proposing a mutual agreement to terminate their service contract.   (DN 134-37.) Defendants assert that "[b]ecause the entirety of the communication reflects a private and confidential settlement communication, it should remain sealed."  (DN 174, at PageID # 2884.) Schnatter does not oppose the request to seal Exhibit 43.  (DN 177, at PageID # 2905.)

The Court finds that Defendants have established a compelling reason to seal Exhibit 43. Because it is a communication in furtherance of settlement, it is protected from disclosure by the privilege recognized in *Goodyear*.  It is thus among the three categories that the Sixth Circuit has recognized are "is typically enough to overcome the presumption of access."  *Shane*, 825 F.3d at 308.  On the other hand, while the public interest in access to evidence offered in support of Schnatter's brief opposing dismissal is heightened especially since the email is discussed in Schnatter's brief, the specific terms of the proposed settlement are not necessary to understand Schnatter's arguments.  Based on the foregoing, the Court finds that the balance of interests tips in favor of secrecy.  Therefore, Defendants' request to seal Exhibit 43 will be granted.

The Parties are advised that this finding does not ensure that the document will remain sealed if cited again in the future or refiled elsewhere in the record. If the information becomes more important to this Court's later decisions, the interests supporting public access may increase as well.  *See Rudd*, 834 F.3d at 594.

### o.  Exhibit 54 (DN 134-47)

Exhibit 54 is a July 15, 2018 email exchange between Casey Wasserman and Commissioner of the National Basketball Association Adam Silver.  (DN 134-47.)  Defendants seek to redact Mr. Silver's email address, arguing that he "is a public figure and non-party to this

litigation, exposure of his private email address unnecessarily impedes upon his privacy interests." (DN 174, at PageID # 2889.)  In response, Schnatter states that, "although [h]e ha[s] no objection to redacting personal email addresses, here, Adam Silver's work NBA email address is widely available on social media postings and web postings."  (DN 177, at PageID # 2909.)

The Court finds that Defendants have failed to establish a compelling reason to seal Mr. Silver's email address.  As Schnatter points out, this contact information is already available on the public record and is easily accessible through an internet search. Therefore, Defendants' request to redact Exhibit 54 will be denied.

### p.  Exhibit 55 (DN 134-48)

Exhibit 55 is the July 10, 2018 draft termination letter ending the service agreement between Papa John's and Laundry Service.  (DN 134-48.)  Defendants seek to redact the termination fee amount and note that the Court previously ordered that this amount be redacted from the termination letter.  (DN 174, at PageID # 2889.)  Defendants also seek to redact an attached invoice listing work performed and sums charged, arguing that they "reflect competitive business information that should remain under seal."  (*Id.*)  Schnatter does not oppose the proposed redactions.  (DN 177, at PageID # 2906.)

The Court finds that Defendants have established a compelling reason to redact the financial terms of the termination letter.  The Court found that competitive business harm could occur if the termination fee amount were made public when the Court previously sealed portions of the termination letter.  (DN 34, at PageID # 285.)   However, Defendants' interest in nondisclosure is diminished here because the risk that a competitor could tailor its proposals to undercut Defendants is far lower with disclosure of payment because the passage of time has mitigated that risk.  Additionally, the public interest in the information is greater here, when it has

been offered to support a response to a dispositive motion in a later stage of litigation.  Given the significant public attention this case has garnered since the Court sealed the master services agreement, the public has a heightened interest in accessing and evaluating evidence presented on the merits.  Based on the foregoing, the Court finds that the balance of interests tips in favor of public access.  Therefore, Defendants' request to seal Exhibit 55 will be denied.

### q.  Exhibit 56 (DN 134-49)

Exhibit 56 is a July 25, 2018 email from Wasserman Media general counsel sending an audio file to several attorneys.  (DN 134-49.)  Defendants seek to redact a password provided for access to the audio file.  (DN 174, at PageID # 2890.)  Defendants argue that "[t]he password is confidential, private, and sensitive information that should be redacted and remain under seal." (*Id.*)  Schnatter has not indicated whether or not he opposes the proposed redaction.

Defendants do not articulate a concrete injury that will result if the password is made public.  The context suggests that the audio file is the recording of the May 22, 2018 call, which has since been made public.  Additionally, assuming the practice of basic password hygiene, disclosure of a three- and one-half year old single-use password that has been widely shared should not enable an average member of the public to access private devices or data.  Out of an abundance of caution, the Court will grant that protecting Defendants' cybersecurity is a compelling reason to redact the password.  Considering that the public has little interest in a password used to access an audio file and that the Exhibit is not cited or referenced in Schnatter's underlying brief, the Court finds that the balance of interests tips in favor of granting the requested redaction secrecy.

### r.  Schnatter's Response Brief (DN 134)

Defendants argue, "to the extent any portions of the below Exhibits are quoted in Plaintiff's Opposition to Defendants' Motion to Dismiss, DN 134, those portions of the Opposition should

mirror the ruling on the Exhibits themselves and remain sealed." (DN 174, at PageID # 2871.) Schnatter's brief references a communication in furtherance of settlement that the Court determined above should be sealed. To protect the interests previously discussed, the Court finds that the terms of the settlement communication should be redacted from Schnatter's brief as follows:

> Page 15: The numerical figure and corresponding value following "Wasserman demanded $"; the numerical figures following $ in the three bullet points at the bottom of the page.

> Page 16: The two numerical figures following $ that appear after the phrase " 'equitable separation and settlement fee' "; the three numerical figures and two corresponding values that appear on the fourth and fifth lines.

> Page 19: The numerical figure and corresponding value following "refusing Laundry Service's demands for $"

> Page 35: The numerical figure and corresponding value following "attempt to coerce a $"

The Parties are advised that this finding does not ensure that the documents will remain redacted if cited again in the future or refiled elsewhere in the record. If presently-redacted information becomes more important to this Court's later decisions, the interests supporting public access may increase as well. *See Rudd*, 834 F.3d at 594.

## IV.   ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

1. Schnatter's motion for leave to file provisionally under seal (DN 133) is **DENIED as moot**.

2. Defendants' request to permanently seal (DN 174) is **GRANTED in part and DENIED in part**.

3. The unredacted versions of Schnatter's response brief and Exhibits 5, 8, 17, 32, 35, 36, 43, 51, and 56 filed at DN 135, DN 135-3, DN 135-6, DN 135-14, DN 135-23, DN 135-26, DN 135-27, DN 135-33, DN 135-39, and DN 135-44 shall be permanently sealed.

4. The Clerk of Court is directed to permanently unseal all other documents filed as attachments to DN 135.

5. On or before **February 4, 2022**, Schnatter shall file revised redacted versions of its response brief and Exhibits 5, 8, 17, 32, 35, 36, 51, and 56 consistent with this Order.

Colin H Lindsay, Magistrate Judge
United States District Court

January 19, 2022

cc:  Counsel of record