UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00003-BJB-CHL

JOHN H. SCHNATTER,                                                                                     Plaintiff,

v.

247 GROUP, LLC,                                                                                         Defendant.

**MEMORANDUM OPINION & ORDER**

Before the Court is the Motion to Seal filed by Plaintiff John H. Schnatter ("Plaintiff"). (DN 236.) Defendant 247 Group, LLC ("Defendant") did not file a response, and the time to do so has expired. Therefore, the motion is ripe for review.

I.     BACKGROUND

On June 10, 2022, non-party Papa John's International, Inc. ("Papa John's) filed a motion to quash, to which Plaintiff and Defendant filed responses and Papa John's filed a reply ("Papa John's Reply"). (*See generally* DNs 202, 203, 204, and 209.) Papa John's Reply memorandum was partially redacted and three exhibits to the Reply were omitted from the filing. (DN 209 at 4262-64; *see also* DNs 209-2, 203-3, and 209-4.) Shortly thereafter, Papa John's moved for leave to seal the redactions and omitted exhibits in the Reply. (*See* DN 210.) On December 23, 2022, the Court denied Papa John's motion without prejudice. (*See generally* DN 233.) Additionally, Papa John's was directed to file a renewed motion to seal no later than January 20, 2023. (*Id.* at PageID # 4560.) Papa John's did not file a renewed motion, and the time to do so has expired. However, Plaintiff moved for its own redactions to Papa John's Reply on January 17, 2023. Plaintiff states that because the portions at issue relate to Plaintiff, Plaintiff seeks to independently maintain Papa John's Reply under seal. (DN 236 at 4566.)

1

## II.     LEGAL STANDARD

It is well-established that a "strong presumption" exists in favor of keeping court records open to the public. *See, e.g., Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176-79 (6th Cir. 1983). The party seeking to seal the records bears the heavy burden of overcoming the presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). There are certain interests that overcome this "strong presumption." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown*, 710 F.2d at 1179). These interests include "certain privacy rights of participants or third parties, trade secrets, and national security." *Brown*, 710 F.2d at 1179. The party seeking to seal must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed. *Shane*, 825 F.3d at 307. The Sixth Circuit has held that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.' " *Shane*, 825 F.3d at 305-06 (quoting *Baxter Int'l., Inc. v. Abbott Lab's*, 297 F.3d 544, 548 (7th Cir. 2002)). Further, in ruling on a Motion to Seal, the Court is required to make "specific findings and conclusions 'which justify nondisclosure to the public.'" *Rudd*, 834 F.3d at 594 (quoting *Brown*, 710 F.2d at 1176). The Court must articulate why the interests supporting nondisclosure are compelling, why the interests supporting public access are not as compelling, and why the scope of the seal is no broader than necessary. *Shane*, 825 F.3d at 306. " '[A] court's failure to set forth those reasons . . .' is itself sufficient grounds to vacate the seal." *Rudd*, 843 F.3d at 594 (quoting *Shane*, 825 F.3d at 306).

### III. DISCUSSION

Plaintiff seeks to redact portions of Papa John's Reply memorandum and attached exhibits. In support of the motion, Plaintiff asserts that the proposed redactions involve personal information that is potentially damaging to Plaintiff. Plaintiff relies primarily on this Court's October 15, 2021 sealed order (DN 149), in which the undersigned granted Plaintiff's request to seal personal information of the same nature stemming from identical facts. Because the same considerations discussed in the Court's October 15, 2021 order apply to the instant motion, in the interest of efficiency, the Court refers the Parties to that order for a more thorough analysis.[1]

The Court agrees that the information in Plaintiff's proposed redactions should remain sealed. As before, Plaintiff is requesting to seal information contained in motions pertaining to discovery. Public interest in access is diminished when the underlying motions pertain to discovery as the information at issue is not being offered on the merits of the case. *See Shane*, 825 F.3d at 305 (citation omitted) (noting that "[s]ecrecy is fine at the discovery stage"). *See also Kentucky v. Marathon Petroleum Co. LP*, No. 3:15-CV-354-DJH, 2018 WL 3130945, at *6 (W.D. Ky. June 26, 2018). Additionally, the information that Plaintiff seeks to seal is not the subject of the Parties' discovery dispute. Plaintiff's proposed redactions are narrowly tailored because they cover only information that is necessary to protect his privacy interest. Indeed, Plaintiff's proposed redactions are significantly narrower than those proposed even by Papa John's. (*See generally* DNs 209, 210.) For example, whereas Papa John's sought to seal the entirety of the exhibits, Plaintiff seeks only to seal those portions that identify his personal information. Neither Papa John's nor Defendant opposes Plaintiff's proposed redactions. Therefore, the Court finds that the balance of interest tilts towards sealing information concerning Plaintiff's personal information at

---

[1] The Court's October 15, 2021 order (DN 149) is sealed.

issue in Papa John's Reply memorandum and exhibits. However, Plaintiff is cautioned that this finding does not ensure that the documents will remain redacted if cited in the future for a different purpose . If presently redacted information becomes more important to this Court's later decisions, the interests supporting public access may increase as well. *See Rudd*, 834 F.3d at 594.

### IV. ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

(1) Plaintiff's motion to seal (DN 236) is **GRANTED**.

(2) On or before **October 20, 2023**, Papa John's shall file a redacted version of DN 211 consistent with this order.

(3) The Clerk of the Court is directly to permanently seal DN 211 and accompanying exhibits.

Colin H Lindsay, Magistrate Judge
United States District Court

September 21, 2023

cc: Counsel of Record

4