UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*(ELECTRONICALLY FILED)*

| | |
|---|---|
| JOHN H. SCHNATTER, | ) |
| Plaintiff | ) |
| vs. | ) Civil Action No.: 3:20-cv-00003-BJB-CHL |
| | ) Judge BENJAMIN BEATON |
| 247 GROUP, LLC d/b/a LAUNDRY SERVICE | ) Magistrate Judge COLIN H. LINDSAY |
| Defendant | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR ARBITRATION OR BENCH TRIAL**

Plaintiff John H. Schnatter ("Plaintiff"), by counsel, hereby submits his response in opposition of Defendant 247 Group, LLC d/b/a Laundry Service's ("Defendant" or "Laundry Service") Motion for Arbitration or Bench Trial, DN 289 ("Motion").

**PROCEDURAL BACKGROUND**

After nearly four (4) years of active litigation, Defendant now seeks, for the first time, to compel arbitration. Plaintiff believes that, as indicated by the Court at last year's September 22, 2022, hearing, any motion to compel arbitration of this "complex and hard-litigated dispute" would have been barred by waiver if it had been filed at the time of last year's hearing. Defendant then pursued summary judgment on the merits of Plaintiff's breach of the Confidentiality, Non-Disparagement and Dispute Resolution Agreement (the "NDA") claim and continued to engage in scorched earth discovery without making any motion to compel arbitration. Defendant's present Motion made only after receiving an adverse ruling regarding Plaintiff's breach of the NDA claim is completely devoid of merit and appears aimed solely at delaying these proceedings.

The Sixth Circuit and courts within the Sixth Circuit have repeatedly and routinely found that a party has waived its right to arbitration when it pursues dismissal on the merits, receives an adverse ruling, and then seeks to invoke an arbitration agreement. *See infra.* pp.6-7. That is what

Defendant seeks to do in the present Motion. Defendant's Motion to compel arbitration should be denied.

The Motion is further negated in light of the considerable litigation that has occurred in this case demonstrating Defendant's actions inconsistent with asserting its right to arbitration. During the nearly four years that this action has been pending in this Court, Defendant has filed the failed (as to the breach of the NDA claim) summary judgment motion, two motions to dismiss, four (4) motions to compel discovery, two (2) motions for sanctions, seven (7) motions to seal, a motion to strike, and a motion to file supplemental brief. Additionally, Defendant has taken eighteen (18) depositions and the parties have exchanged 61,102 pages of discovery documents from discovery it served. Now, again only after receiving an unfavorable result at the summary judgment stage, Defendant has sought arbitration, and, alternatively, has demanded a bench trial even if the arbitration clause is found to have been waived, both in blatant contradiction of applicable law.

Because Defendant has actively participated in litigation over the past four years and has acted in a way completely inconsistent with an intent to arbitrate, it has waived any right to demand arbitration. Further, the NDA contains no jury trial waiver. Because arbitration has been waived, Plaintiff's breach of contract claims should be tried to a jury in this Court. Defendant cannot rely on the arbitration clause to claim that a bench trial is required. Accordingly, Defendant's Motion should be denied.

## **THIS LITIGATION**

This case has a long and active procedural background. Plaintiff first brought suit in Jefferson Circuit Court on December 5, 2019 (DN1-1, PageID.9.), which was removed to this Court on January 2, 2020. DN 1. Defendants filed a Motion to Dismiss the Complaint for failure to state a claim on February 7, 2020. DN 18. Thereafter, the parties began the discovery process in or around May 2020. Through discovery, Plaintiff became aware of additional claims that

2

should be brought and filed a Motion to Amend the Complaint (DN 48) which was granted on July 21, 2021. (DN 110).

Thereafter, Defendant filed a second Motion to Dismiss, seeking dismissal of the Amended Complaint. DN 119. On September 21, 2022, the Court held a Hearing regarding the Motion to Dismiss the Amended Complaint, ultimately granting it in part and denying it as to Plaintiff's breach of the Non-Disclosure Agreement ("NDA") claim. DN 221. Also at this Hearing, the Court and parties discussed the possibility of Defendants filing a motion to compel arbitration. *Id.*, PageID.4374-75. The Court emphasized that the brief mention of arbitration in the Motion to Dismiss was not a formal request, and that if Defendants desired to file a formal request, they would have to file an additional motion. *Id.*, PageID.4375.

The Court also mentioned at the September 2022 Hearing that it would need strong arguments in order to compel arbitration so late into a "complex and hard-litigated dispute." *Id.*, PageID.4374. Following this September 2022 Hearing, rather than filing a formal motion to compel arbitration, Defendants continued to engage in discovery and did not mention arbitration until almost a year later. In this time, Defendants sent interrogatories and document requests and took depositions. On November 23, 2022, the court held another Hearing specifically for the purposes of nailing down a briefing schedule. DN 283. Defendants did not bring up arbitration at this time, nor did they request a briefing schedule for a motion to compel arbitration as the Court had referenced during the September 2022 Hearing. Instead, Defendants moved forward with a motion for summary judgment on the merits of Plaintiff's claims including specifically Plaintiff's breach of contract claim regarding the NDA.

On August 7, 2023, this Court issued its Order regarding the Motion for Summary Judgment. This Order granted Defendants' motion as to Plaintiff's claims except that it denied Laundry Service's Motion as to Plaintiff's breach of the NDA claim. The Court then required the parties to tender a proposed Joint Scheduling Order including trial dates. DN 279, DN 285. It was

3

only after these proceedings that, in seeking to delay any scheduling of trial or further proceedings in this matter, Defendant filed a demand for arbitration with the AAA on August 23, 2023. *See* DN 294-1(filed under seal). Soon after, on September 8, 2023, Defendant filed the pending Motion with this Court.  DN 289.

## ARGUMENT

**I.     Defendant has Waived its Right to Arbitrate Plaintiff's Claims**

In support of its Motion, Defendant has claimed that 1) it did not waive any right to arbitrate, 2) Plaintiff waived any objection to timeliness of an arbitration demand, and 3) this Court had to rule on the existence of a contract before Defendant could move for arbitration which did not happen until the summary judgment order. DN 289, PageID 8713-8719.  Specifically, Defendant contends that it did not intentionally relinquish or abandon any known right. *Id.* at PageID 8713.  For the reasons stated more fully below, all of these arguments fail, and Defendant's Motion should be denied.

**a.    Laundry Service Intentionally Abandoned its Right to Arbitrate**

Defendant has argued that it did not intentionally abandon its right to arbitrate. DN 289, PageID 8715-17. In support, Defendant cites to case law that states, "a defendant can only waive a right that he knows of and actively abandons," (*United States v. Montgomery*, 998 F.3d 693, 697-698 (6th Cir. 2021); *Id.*, PageID 8716), and "to constitute a waiver there must be an intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it." (*Am. Locomotive Co. v. Chem. Rsch. Corp.*, 171 F.2d 115, 121 (6th Cir. 1948); DN 289, PageID 8716). While Defendant claims that Plaintiff cannot prove a knowing and intentional waiver, this is far from accurate.

It is well established that a "party may … waive its right to arbitration…by participating in litigation to such an extent that its actions are completely inconsistent with any reliance on this right". *Gordon v. Dadante*, 294 Fed. Appx. 235, 238 (6th Cir. 2008); *see also Interested*

4

*Underwriters at Lloyd's v. M/T San Sebastian*, 508 F.Supp.2d 1243, 1251 (N.D. Ga 2007). Defendant's aggressive and active litigation of this matter in this Court for nearly four (4) years is completely inconsistent with any reliance on its claimed arbitration right.  Specifically, Defendant has filed two (2) motions to dismiss, four (4) motions to compel discovery, two (2) motions for sanctions, seven (7) motions to seal, a motion to strike, a motion to file supplemental brief, has taken eighteen (18) depositions, has accepted or produced a total of 61,102 pages of documents, and has filed a motion for summary judgment on the merits of the contract claim.  These are all factors courts have used as examples for "active litigation." *See e.g., Johnson Associates Corp. v. HL Operating Corp.*, 680 F.3d 713, 718-719 (6th Cir. 2012) (finding actions of actively scheduling and requesting discovery, including depositions, rather than moving to compel arbitration, was completely inconsistent with a reliance on right to arbitrate). *See also Khan v. Parsons Global Services, Ltd*, 521 F.3d 421, 427 (D.C. Cir. 2008)(finding that where "a party moves for summary judgment through a motion including or referring to matters outside the pleading…that party has made a decision to take advantage of the judicial system and should not be able thereafter to seek compelled arbitration"); *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 345 (5th Cir. 2004) (finding a waiver of arbitration where a party had filed "two motions to compel discovery, a motion for summary judgment, and a motion in limine").

      Here, Defendant sought this Court's dispositive dismissal of Plaintiff's contract claims on two different occasions (DN 119 and 247). The second dispositive motion sought a determination on the merits of Plaintiff's breach of contract claim by filing a Motion for Summary Judgment relying on the extensive discovery undertaken in this action.  On August 8, 2023, the Court denied this substantive motion regarding Plaintiff's breach of contract claim.  *See* Court's Order, DN 279. It was only after receiving this outcome that Defendant made its Motion a month later on September 8, 2023.

Several Sixth Circuit decisions finding waiver of the right to compel arbitration have been based on this bad faith dilatory tactic of moving for arbitration after receiving an unfavorable result from the Courts. For example, in *Solo v. United Parcel Service Co*. the court found waiver of an arbitration right due to the defendant's actions of invoking arbitration only after the court reversed a favorable ruling. 947 F.3d 968, 975 (6th Cir. 2020). The court reasoned that defendant's actions in seeking a determination by the court on the merits were "inconsistent with reliance on an arbitration agreement." *Id*.

Similarly, the court in *Gunn v. NPC Intern., Inc*. reasoned that the defendant's actions of moving to compel arbitration only after an unfavorable ruling weighed heavily in support of a finding of waiver because it suggested that defendant's "delay…was deliberately motivated by some tactical advantage." 625 Fed.Appx. 261, 265 (6th Cir. 2015) . The court further emphasized that these actions indicate defendant was "employing dilatory tactics and creating expense for the Plaintiffs." *Id.  See also Hurley v. Deutsche Bank Trust Co. Americas*, 610 F.3d 334, 339 (6th Cir. 2010)  (finding waiver where "defendants did not attempt to enforce their arbitration rights until after the district court entered an unfavorable decision"); *General Star Nat. Ins. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 438 (6th Cir. 2002)  (finding waiver where defendant "sought arbitration only after the district court had entered a default judgment against it"). These cases demonstrate that Defendant's post-summary judgment ruling motion to compel arbitration after four (4) years of extensive litigation in this Court is frivolous and without any merit.

Defendant here has waited almost four (4) years to demand arbitration. In those four (4) years, Plaintiff has spent hundreds of thousands of dollars in attorneys' fees, discovery fees and travel fees actively litigating the case. While there is no set standard in terms of how long a delay is too long, Sixth Circuit cases have routinely found that time frames far less than what exists here are too long.  *See e.g. Solo*, 947 F.3d at 975 (finding two years of litigation amounted to waiver);

*Manasher v. NECC Telecom*, 310 Fed. Appx. 804, 806 (6th Cir. 2009) (finding waiver where a defendant actively participated in litigation for almost a year); *O.J. Distributing v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 358 (6th Cir. 2003) (finding 15 months of litigation amounted to waiver); *General Star*, 289 F.3d at 438 (finding 17 months of litigation amounted to waiver). Defendant has clearly waived its right to claim arbitration because it has, for nearly four (4) years, forced Plaintiff "to undergo the types of litigation expenses that arbitration was designed to alleviate." *Interested Underwriters*, 508 F.Supp.2d at 1251.

### b. **Defendant misstates the purpose of *Morgan v. Sundance*.**

In its Motion, Defendant uses *Morgan v. Sundance* as a way to claim that Plaintiff's showing of prejudice negates Plaintiff's argument that arbitration is waived. 142 S.Ct. 1708 (U.S. 2022); DN 289, PageID 8715. Specifically, Defendant states "The rule of *Morgan* means Schnatter's argument about prejudice is wrong and irrelevant. Therefore, any cases…cited…which predate *Morgan*…are no longer good law." DN 289, PageID 8715. In actuality, the *Morgan* court made the standard for proving waiver an easier task rather than a harder one as Defendant suggests. *Morgan*, 142 S.Ct. at 1713. Stated differently, the *Morgan* court resulted in a benefit to the party trying to prove waiver, and not a benefit to the party accused of waiver. *Id*.

Defendant has correctly stated that prior to 2022, prejudice was required for a finding of arbitration waiver in the Sixth Circuit. However, *Morgan* stripped the analysis of this requirement, finding it was an unlawful barrier to a finding of waiver. *Id*. In support of this finding, the court looked at how the court of appeals had dealt with arbitration waiver, specifically addressing the "arbitration specific variants of federal procedural rules." *Id*. at 712. The court recognized that the court of appeals had done this in support of the Federal Arbitration Act's policy favoring arbitration but explained that this does not mean the court of appeals can "condition a waiver of the right to arbitrate on a showing of prejudice." *Id*. at 713. The court reasoned that outside the context of arbitration, waiver is only premised on the actions of the "person who held the right….[and]

seldom considers the effect of those actions on the opposing party." *Id*. Therefore, although other federal courts had well intentions in adopting a prejudice requirement in an effort to ensure waiver is not "lightly inferred," it was not proper for courts to "invent special, arbitration-preferring procedural rules." *Id*. In sum, the court stated that the policy favoring arbitration is to make "arbitration agreements as enforceable as other contracts, but not more so." *Id.,* citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404, n. 12 (1967).

Therefore, Defendant has argued incorrectly that the *Morgan* holding means the effect of the Defendant's actions on the Plaintiff is immaterial. Rather, it means that the fact that an ill effect on the Plaintiff cannot be proven will not preclude a finding of waiver of arbitration. So, to prove there has been a waiver, Plaintiff only must demonstrate that Defendant has acted inconsistently with a desire to arbitrate. But Plaintiff's ability to show prejudice is instructive.

When prejudice exists in such magnitude as in the case at hand, a discussion of it is informative for an analysis of waiver. A few common examples of prejudice that had been previously recognized by courts are: 1) "when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration," 2) when a party "too long postpones his invocation…and thereby causes his adversary to incur unnecessary delay or expense," or 3) when a party has obtained things through discovery that "would be unavailable in arbitration." *Johnson Associates*, 680 F.3d 719-720 (6th Cir. 2012). Significantly, Defendant in this case has engaged in all three of these classically prejudicial actions. First, it is only upon the denial of Defendant's Motion for Summary Judgment that Defendant now seeks arbitration. Secondly, Defendant has waited nearly four (4) years to request arbitration, in which time, Plaintiff has incurred hundreds of thousands of dollars in attorneys' fees, discovery fees, and travel fees.

Lastly, the parties have exchange approximately 61,102 pages of documents in discovery and have deposed a total of twenty-three (23) people. A majority of this information would not

have been discoverable had the case originally been sent to arbitration. Therefore, Defendant has waived any right to arbitration.

### c. **Plaintiff did not Waive its Right to Bring Timeliness Objections**

To avoid this waiver and unquestionable actions inconsistent with claiming the right to arbitrate, Defendant is grasping at straws regarding its argument that Plaintiff has waived any right to challenge arbitration on the grounds that too much time has passed. *Id*., PageID.8714. First and foremost, Plaintiff's counsel never agreed in any way that Defendant could continue to pursue aggressive discovery, seek summary judgment on the merits of the breach of contract claim and only thereafter then file a motion to compel arbitration. Nor did Plaintiff's counsel ever agree that it was waiving any right to contend that Defendants had already waived their right to seek arbitration at the time of the November 23, 2022, hearing; particularly after the Court had previously indicated, at the September 21, 2022, hearing, its skepticism as to any motion to compel arbitration that might be raised.

In support of its claim that Plaintiff's counsel "waived" any waiver by Defendant, the Motion relies on statements Plaintiff's counsel made at the November 23, 2022, hearing. *See* Motion, DN 289, PageID.8708. At this Hearing, the Court discussed the procedural issue of potentially allowing Defendant to proceed with a motion for summary judgment prior to an answer being filed. *See* November Hearing Transcript, DN 283, PageID.8626-27. Defendant's counsel expressed concern about this odd procedural situation and raised concern about unintentionally waiving affirmative defenses. *Id.,* PageID.8627.

The Court asked Plaintiff's counsel if they would object to waiving a timeliness/procedural objection for affirmative defenses. *Id.* In response, Plaintiff's counsel stated that there was no objection, however, counsel ensured that no substantive objection was waived. *Id.* The topic of arbitration was never discussed. The Motion's suggestion that by addressing affirmative defenses Plaintiff's counsel was agreeing that Defendant's prior waiver of the right to arbitrate was forgiven,

9

or that Defendant could then pursue aggressive discovery and summary judgment on the merits and only then seek arbitration, is inaccurate. Agreeing with the Court that Defendant could raise substantive defenses in its eventual Answer did not open the door for Defendant to abuse the judicial process by forum shopping and attempting to arbitrate only after an unfavorable ruling; nor did it absolve Defendant of its pre-existing waiver of the right to arbitrate through its aggressive and long-standing litigation of this matter.

In fact, at the September 21, 2022, Hearing, Defendant's counsel and Judge Benjamin Beaton engaged in a lengthy discussion involving arbitration. *See* September Hearing Transcript, DN 221, PageID.4373-75. Judge Beaton specifically asked Defendant's counsel if they had formally moved to compel arbitration. *Id.,* PageID.4374. Defendant's counsel explained that they had not filed a formal motion but had generally requested arbitration in their motion to dismiss. *Id.* In response to this, the Court stated that Defendant was free to move for arbitration but noted that because the parties were "deep into a complex and hard-litigated dispute" that he would need "more than just the sort of glancing arguments that are present in the motion to dismiss." *Id.* The Court further stated that the arbitration provision contained in the NDA had a purpose of encouraging an expeditious decision and for confidential proceedings. *Id.,* PageID.4375. Given the long history of this case as well as the media coverage, the Court noted that in terms of those concerns, "the horse is out of the barn there." *Id.* Following this Hearing, Defendant chose not to file a formal motion to compel arbitration, and instead moved for summary judgment on the merits of Plaintiff's claims.

Further, the issue of arbitration was not discussed or brought up in the November 23, 2022, hearing. This is important, given that at the September 21, 2022, hearing, the Court allowed Defendant to wait a limited amount of time to file for arbitration stating, "I don't think Mr. Murrell and his client will suffer any greater prejudice from a one-week delay versus some number of months that might be contemplated in the proposed scheduling order, so…confer on what makes

sense." *Id*., p. PageID.4430.  However, until on or around September 8, 2023, Defendant's counsel never raised the issue of arbitration with Plaintiff's counsel, never proposed a briefing deadline for the November proposed scheduling order, and never raised the topic of arbitration at the November 23, 2022, hearing (which was for the sole purpose of scheduling). Defendant's failure to address arbitration at this time indicated that it had decided to litigate in the United States District Court for the Western District of Kentucky.  Plaintiff did not waive any objections to Defendant's tardy arbitration claim.

   d. **Defendant's Contract Arguments Are Without Merit Because Defendant Never Sought Determination of Arbitrability And The Court Ruled on the Existence of a Genuine Issue of Material Fact as to Contract Formation Over a Year Ago.**

Defendant also argues in its Motion that it could not properly move for arbitration until the Court had determined whether a valid arbitration agreement existed.[1] DN 289, PageID.8717. Defendant's contention is legally deficient in that it never sought the Court's determination as to the arbitration provision and instead litigated the merits of the breach of contract claim.  Moreover, this Court ruled on the validity of the contract when it denied Defendant's motion to dismiss on September 21, 2022, over one (1) year ago. S*ee* DN 219.

Defendant's failure to request a hearing on the issue of arbitrability early on in the litigation works against the policy purposes of the case law Defendant relies upon, as well as 9 U.S.C.A. § 4.[2]  For example, Defendant cites to *Masco Corp. v Zurich American Ins. Co*., 382 F.3d 624 (6th

---

[1] Defendant takes the position that no arbitration right existed until the filing of the Amended Complaint. However, the original Complaint included a claim of breach of the Master Services Agreement ("MSA") between Papa Johns and Defendant. The MSA included an arbitration agreement. *See* DN 134-11, PageID 1724. Therefore, Defendant's right to arbitration existed from the commencement of the litigation and it failed to seek the same for nearly four years.
[2] 9 U.S.C.A. § 4: failure to arbitrate under agreement; petition to United States court having jurisdiction for order to compel arbitration; notice and service thereof; hearing and determination."*[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration ... is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement... If the making of the arbitration agreement ... be in issue, the court shall proceed summarily to the trial thereof ... If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.*

Cir. 2004), in support of its argument claiming that the Court must first determine whether "a valid agreement to arbitrate exists between the parties . . . . ." DN 289, PageID.8717.  However, *Masco* holds that "before compelling an unwilling party to arbitrate, the court must engage in a **limited** review to determine whether the dispute is arbitrable…" *Id.* at 627 (emphasis added). It is apparently Defendant's argument that four (4) years of hard-fought litigation constitutes "limited review." Similarly in *Boykin v. Family Dollar Stores of Michigan, LLC,* 3 F.4th 832, 838 (6th Cir. 2021), another case Defendant relies upon (DN 289, PageID.8698), the court specifically lays out the procedure for this sort of situation. It states:

> [i]f, after hearing from the parties, the court is 'satisfied that the making of the agreement' (or its breach) 'is not in issue,' the court 'shall make an order' compelling arbitration. 9 U.S.C. § 4. If instead the court finds that the 'making of the arbitration agreement' (or its breach) is 'in issue,' the court 'shall proceed summarily to the trial' on the disputed question. *Id*. This text directs courts to act 'summarily': they should resolve arbitration-related issues 'as quickly and easily as possible.'

*Id. quoting Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 103 S.Ct. 927 (U.S. 1983).

Thus, according to *Boykin*, relied upon by Defendant, the court should answer the question of contract formation and arbitrability "as quickly and easily as possible." *Id.* This is contrary to the case at bar where Defendant 1) failed to request the Court rule on the arbitrability issue, 2) waited four years for an express written order, 3) sought this Court's determination of the matter on the merits and, 4) then sought arbitration after an unfavorable ruling. If it intended to assert its right to arbitration, the Defendant should have made clear its desire to arbitrate if the Court found a valid contract existed. Besides a very brief mention of arbitration in the motion to dismiss (which the Court stated was not sufficient to act as a formal request), and the statements at the September 21, 2022, Hearing, it had not indicated that it wanted to arbitrate until on or around September 8, 2023.

Specifically, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint wherein it argued that the NDA should be disregarded as it was not a party to the NDA, which contains the

12

arbitration clause at issue. DN 119, PageID.1428. On September 21, 2022, the Court held a Hearing on the motion to dismiss where it denied the motion to dismiss. *See* DN 221, PageID.4420 ("I believe the motion to dismiss fails with respect to the NDA claim"). Therefore, on September 21, 2022, the Court held that the NDA was enforceable and would survive a motion to dismiss. *Id.* Defendant's calculated decision to seek summary judgment on the merits negates any right to arbitration under the NDA.

## II. <u>Plaintiff has not Waived his Right to a Jury Trial</u>

It is well established that the right to a jury trial, when asserted in federal court, is governed by federal law. *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171 (2nd Cir. 2007). The right to a jury trial is fundamental, and there is a strong presumption against its waiver. *Id*. The burden falls on the party attempting to enforce the purported waiver to demonstrate that the waiver was knowing and intentional. *See World Wide Commc'n., Inc. v. Rozar*, 1998 WL 386413 at *3 (S.D.N.Y. July 10, 1998) citing *Heyman v. Kline*, 456 F.2d 123, 129 (2d Cir.).

In its Motion, Defendant argues that because the parties executed an arbitration agreement, Plaintiff has waived the right to a jury trial, even if the parties proceed to litigation rather than arbitration. DN 289, PageID.8696. This argument, however, has no legal basis.

It is telling that Defendant has cited little case law, and what it has cited is distinguishable. At the outset, Defendant failed to include the entire quote in citing *Burden v. Check Into Cash of Ky., LLC,* 267 F.3d 483, 492; See DN 289, PageID 8720. Defendant claims "it is well-settled that "the loss of the right to a jury trial is a necessary and fairly obvious consequence of an agreement to arbitrate."" However, the full quote is, "[a]s to the failure of the arbitration clause to include a jury waiver provision, the loss of the right to a jury trial is a necessary and fairly obvious consequence of an agreement to arbitrate." *Burden,* 267 F.3d at 492. In *Burden*, the court considered whether the right to a jury trial had been knowingly waived through the execution of an arbitration agreement. The court's quoted statement was thereby referencing the argument that

the arbitration agreement was unenforceable for **not** containing a clear jury waiver provision - not whether a party waives its right to a jury trial even when the case proceeds to litigation rather than an arbitration. In contrast, the controlling case law regarding this question is well settled.

In *National Iranian Oil Co. v. Ashland Oil, Inc.*, 716 F.Supp. 268 (S.D. Miss. 1989), National Iranian Oil Company ("NIOC") asserted that Ashland Oil, Inc. implicitly waived its seventh amendment right to jury trial by agreeing to arbitrate its contract disputes with NIOC. *Id*., at 269.[3] The court rejected this argument, and found it was "without merit." *Id*. The court held that in the case of an unenforceable arbitration clause, "the full judicial process, including any right to a jury trial which may have existed, becomes available to the parties. To hold otherwise could lead to such illogical consequences as the denial of the discovery process in litigation between parties that had agreed to but are precluded from arbitrating their dispute." *Id*. *See also*, *World Wide*, 1998 WL 386413 at *3 (holding "to allow [Plaintiff's] attempt to "mimic arbitration" by precluding the jury from considering the counterclaims would be an illogical consequence where [Plaintiff] has waived enforcement of the arbitration clause and where [Plaintiff's] claims are, in fact, being litigated in court and are about to be tried to a jury").

Moreover, in *Silc v. Crossetti*, 956 F.Supp.2d 957 (N.D. Ill 2013), the court found that "one cannot waive arbitration and leave the implied jury waiver intact since the latter does not exist without the former." *Id*. at 959. The *Silc* court reasoned that "if a [party] waives the right to arbitrate by proceeding in a judicial forum, that waiver obviously and necessarily ends the implicit waiver of the right to trial by jury." *Id.* at 960. In fact, the *Silc* court found that it "would it be illogical" and "exceedingly inequitable" to allow a defendant to insist that an "indivisible component of the

---

[3] NIOC claimed that, because the parties had originally agreed to arbitrate any claims, the trial of the dispute should therefore be "in the manner which most closely approximates arbitration, i.e., nonjury, in order to "give effect insofar as possible" to the intent of the parties." *Id*., at 270.

14

arbitration agreement", that the defendant had also waived, "continues to be operative against the plaintiff." *Id.*[4]

Defendant has presented no support for its argument that the right to a jury trial has been waived even if its motion for arbitration is denied. There is a simple reason for this: the case law does not exist. Instead, the issue has been fully decided by the federal courts, and the reasoning is more than rational. Defendant's weak attempt to delay this case with frivolous arguments should be put to an end, and Defendant's Motion should be denied in full.

## CONCLUSION

For the foregoing reasons, the court should deny Defendant's Motion for Arbitration or Bench Trial because Defendant has waived the ability to arbitrate, and the law does not support its request for a bench trial.

Respectfully submitted,

  *s/ Dennis D. Murrell*
Dennis D. Murrell
Elisabeth S. Gray
Augustus S. Herbert
M. Katherine Ison
**GRAY ICE HIGDON, PLLC**
3939 Shelbyville Rd, Suite 201
Louisville, KY  40207
(502) 677-4729
dmurrell@grayice.com
egray@grayice.com
aherbert@grayice.com
kison@grayice.com
*Counsel for Plaintiff*

---

[4] The court concluded with this strong statement: "if [Defendant] wanted to avoid a jury trial on the plaintiffs' claims, he was required to have invoked the arbitration provision in the Agreement and to have moved to compel arbitration. But he chose not to do so and instead opted to proceed [with litigation]. He is bound by that 'litigation decision,' with all its attendant consequences." *Id*. at 961 (citations omitted).

15

**CERTIFICATE OF SERVICE**

   I hereby certify that the foregoing was e-filed on this the __29th__ day of September, 2023, via the Court's CM/ECF system, which will give electronic notice to counsel listed below who are registered to receive notifications:

Michael P. Abate
**KAPLAN JOHNSON ABATE & BIRD, LLP**
710 W. Main St., 4th Fl.
Louisville, KY  40202
mabate@kaplanjohnsonlaw.com

and

Bert H. Deixler (pro hac vice)
Patrick J. Somers (pro hac vice)
David T. Freenock (pro hac vice)
**KENDALL BRILL & KELLY LLP**
10100 Santa Monica Blvd., Suite 1725
Los Angeles, CA  90067
bdeixler@kbkfirm.com
psomers@kbkfirm.com
dfreenock@kbkfirm.com
*Counsel for Defendant*
*247 Group, LLC d/b/a Laundry Service*

                ___s/ Dennis D. Murrell___
                Counsel for Plaintiff