UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
(***ELECTRONICALLY FILED***)

| | | |
|---|---|---|
| JOHN H. SCHNATTER, Plaintiff | ) | |
| vs. | ) | Civil Action No.: 3:20-cv-00003-BJB-CHL |
| | ) | Judge BENJAMIN BEATON |
| 247 GROUP, LLC d/b/a LAUNDRY SERVICE and WASSERMAN MEDIA GROUP, LLC, Defendants | ) | Magistrate Judge COLIN H. LINDSAY |

**PLAINTIFF JOHN SCHNATTER'S RESPONSE TO DEFENDANT'S MOTION TO FILE CERTAIN MATERIALS PROVISIONALLY UNDER SEAL [DN 342]**

Plaintiff John Schnatter ("Schnatter"), by counsel, submits his Response to Defendant's Motion to File Certain Materials Provisionally under Seal [DN 342].

As the Court recognized in its December 23, 2022, Order [DN 233], although there is a "strong presumption" in favor of keeping court records open to the public, there are justifications to overcome the presumption. *See* DN 233, PageID 4558. In order to overcome such a presumption, the party seeking a seal must show (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly tailored.[1] *Id.* In other words, where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *Watkins v. Tr. Under Will of William Marshall Bullitt By & Through PNC Bank, NA,* 2017 WL 3082672 at *1 (W.D. Ky. July 19, 2017)(citations omitted). *See also United States ex rel. Scott v. Humana, Inc.,* 2020 WL 3146824 at *4 (W.D. Ky. June 12, 2020)(granting motion to

[1] Courts also consider whether the documents to be sealed involve a small or large portion of the documents. *See e.g., NetJets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.,* 2016 WL 5349793 at *2 (S.D. Ohio Sept. 23, 2016); *Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.,* 2017 WL 3220470 at *5 (W.D. Ky. July 28, 2017)(noting that the parties' agreement to unseal much of the record is a factor in determining whether there is a compelling reason to maintain under seal). Here, the information sought to be sealed is *de minimis*.

file under seal where the redacted information is not central to the merits of the arguments). The "compelling interests" include "certain privacy rights of participants or third parties, trade secrets, and national security." *See* Court's Sealed Memorandum Opinion and Order dated October 15, 2021, DN 149 ("Sealed Opinion"), PageID 2448 (*citing Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)).

Schnatter requests that the Court maintain under seal the unredacted Response to Plaintiff's Objection to Magistrate Judge's March 28, 2024, Memorandum Opinion and Order (hereinafter "Response") [DN 341] and Expert Report of Doug Bania that was attached as Exhibit A to the Declaration of Patrick Somers accompanying the Response [DN 343]. Defendant provisionally filed portions of the Response [Doc 341] under seal, redacting those portions of the Motion where Defendant discussed confidential material that should not be part of the public record..

Each of the redacted portions of the Response pertains to a subject matter Schnatter previously argued to this Court should be confidential and should not be part of the public record. Schnatter adopts and asserts the cases cited and arguments made within his Opposition in Response to Motion to (1) Determine Sufficiency of Response to Request for Admission and (2) Compel Discovery and Memorandum in Support of Motion for Protective Order, DN 115, and in his Reply in Support of his Motion to Seal and Response to Defendants' Motion to File Brief Provisionally Under Seal, DN 129. Because those pleadings were permitted to be filed in a redacted format to protect the confidentiality of the information subject to the dispute, Schnatter incorporates the arguments contained within those pleadings by reference rather than reasserting them in the present Motion which will be filed in an un-redacted format in the record.

Indeed, the Court found those arguments compelling, ultimately granting Schnatter permission to seal and/or redact information. Each of the documents that Schnatter seeks to have remain filed under seal above fall within that category of documents for which this Court has previously permitted Schnatter to file under seal in its Sealed Memorandum Opinion and Order,

DN 149. As this Court held, the subject matter at issue is covered by federal statutes that "support the existence of a compelling reason to seal information..." *Id.*, PageID.2453.

With regard to the Bania report, Plaintiff submits a redacted version of that report to remove the confidential information that should not be part of the public record. (**Exhibit A** to this Response). These redactions allow for the public filing of the report, without encroaching upon the confidential material. The redactions are narrowly tailored to remove references to the confidential subject matter, while still permitting public access to the Report.

In the Response, Defendant claims Plaintiff failed to respond to requests to identify provisions of the report to be sealed and provided no basis for the need to seal. In actuality, Plaintiff stated that it did not believe the entire Bania report needed to be filed with the Court, and asked Defendant to identify which portions were being relied upon and mentioned in its Response so that Plaintiff could identify if those portions would need to be placed under seal. Rather than respond to that request, Defendant instead elected to file the entire report under seal without ever indicating what portions were actually relevant or related to its Response.

## CONCLUSION

For the reasons discussed above, Schnatter respectfully requests that unredacted versions of Response to Plaintiff's Objection to Magistrate Judge's March 28, 2024 Memorandum Opinion and Order [DN 341] and Expert Report of Doug Bania that was attached as Exhibit A to the Declaration of Patrick Somers accompanying Defendant's Response [DN 343] remain filed under seal. Plaintiff files herewith a redacted version of the Expert Report of Doug Bania that is filed in the public record.

Respectfully submitted,

*s/ Elisabeth S. Gray*
Dennis D. Murrell
Elisabeth S. Gray
Augustus S. Herbert
M. Katherine Ison
**GRAY ICE HIGDON, PLLC**
3939 Shelbyville Road, Suite 201
Louisville, KY 40207
(502) 677-4729
dmurrell@grayice.com
egray@grayice.com
aherbert@grayice.com
kison@grayice.com
***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was e-filed on this the *17th* day of May, 2024, via the Court's CM/ECF system, which will give electronic notice to counsel listed below:

Michael P. Abate
**KAPLAN JOHNSON ABATE & BIRD, LLP**
710 W. Main St., 4th Fl.
Louisville, KY 40202
mabate@kaplanjohnsonlaw.com

and

Bert H. Deixler (pro hac vice)
Patrick J. Somers (pro hac vice)
David T. Freencok (pro hac vice)
**KENDALL BRILL & KELLY LLP**
10100 Santa Monica Blvd., Suite 1725
Los Angeles, CA 90067
bdeixler@kbkfirm.com
psomers@kbkfirm.com
dfreenock@kbkfirm.com
***Counsel for Defendants 247 Group, LLC d/b/a Laundry Service and Wasserman Media Group, LLC***

*s/ Elisabeth S. Gray*
***Counsel for Plaintiff***