**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:20-CV-00003-BJB-CHL**

**JOHN H. SCHNATTER,**                                                                                               **Plaintiff,**

**v.**

 **247 GROUP, LLC, et al.,**                                                                                          **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Before the Court are the motions for leave to seal filed by Defendant 247 Group, LLC d/b/a Laundry Service ("Laundry Service"), Defendant Wasserman Media Group, LLC ("Wasserman), and Plaintiff John H. Schnatter ("Schnatter").  (DNs 287, 290, and 295).  Schnatter did not file a response to Defendants' motions to seal, and the time to do so has expired.  Laundry Service filed a response (DN 302) to Schnatter's motion, to which Schnatter filed a reply (DN 315).  Therefore, the motions are ripe for review.

**I.       BACKGROUND**

The Parties filed the instant motions pursuant to a Confidentiality Agreement (DN 49-1) and a Confidentiality, Non-Disparagement and Dispute Resolution Agreement (the "NDA") between them.  (DN 287 at PageID # 8663.)  The Confidentiality Agreement sets forth in relevant part:

> 11. Before any non-designating party files with the Court any documents, briefs, memoranda, or other documents reflecting information designated Confidential Discovery Material, the Party intending to file such material shall confer with the designating Party in order to avoid, if practicable, the need to request permission from the Court to file such material under seal.  In the event the that the Parties are unable to resolve any disputes concerning the filing of Confidential Discovery Material, then the Party filing such material shall file it provisionally under seal, and the Party seeking continued confidential treatment of the material may move for an order requiring such documents to remain under seal, in compliance with Local Rule 5.7 of the Joint Local Rules of Civil Practice for the United States District Courts for Eastern and Western Districts of Kentucky.

(DN 49-1 at 450).  In addition, the NDA requires confidentiality of "the fact that any mediation/arbitration has or will take place between them, all facts related thereto, and any resolution thereunder."  (DN 287 at 8663.)

## I.     LEGAL STANDARD

It is well-established that a "strong presumption" exists in favor of keeping court records open to the public.  *See, e.g.*, *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176-79 (6th Cir. 1983).  The party seeking to seal the records bears the heavy burden of overcoming the presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).  To meet this burden, the party seeking a seal must show (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly-tailored.  *Id.*; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.,* 834 F.3d 589, 593-94 (6th Cir. 2016).  The Sixth Circuit has held that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'"  *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Int'l., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).  Further, in ruling on a Motion to Seal, the Court is required to make "specific findings and conclusions 'which justify nondisclosure to the public.'"  *Rudd,* 834 F.3d at 594 (quoting *Brown & Williamson*, 710 F.2d at 1176).  "'[A] court's failure to set forth those reasons . . .' is itself sufficient grounds to vacate the seal."  *Id.* (quoting *Shane Grp.*, 825 F.3d at 306).

Confidentiality agreements entered in connection with arbitration proceedings do not automatically justify sealing documents in litigation.  *See Bloom Energy Corp. v. Badger*, No. 21-

CV-02154-PJH, 2021 WL 4079208, at *12 (N.D. Cal. Sept. 8, 2021) ("The fact that the parties privately bargained to keep a proceeding confidential does not nullify the requirement that a party proffer a qualifying reason to justify sealing that document *when put at issue in a public forum*. If the court accepted petitioner's position that the mere existence of such a 'bargain' (and whatever its unspecified 'benefits' to petitioner) provides the necessary justification, then the parties in any litigation could circumvent the right of public access through private agreement. That outcome is untenable." (emphasis in original)); *Benchmark Elecs., Inc. v. Myers*, No. GJH-19-242, 2020 WL 4784771, at *4 (D. Md. Aug. 17, 2020) ("As the Court has already explained, however, 'the mere existence of the confidentiality clause is not a sufficient reason to seal any documents in the record.' "); *Martis v. Dish Network*, No. 1:13-CV-1106, 2013 WL 6002208, at *2 (W.D. Mich. Nov. 12, 2013) ("Once the parties resort to the courts, however, their confidentiality agreement does not, and cannot, authorize the sealing of a presumptively public federal court record. The parties are privileged to arbitrate in secret, but they must litigate in public."); *Trustees of New York State Nurses Ass'n Pension Plan v. White Oak Glob. Advisors LLC*, No. 21-CV-8330 (LAK), 2021 WL 5873250, at *2 (S.D.N.Y. Nov. 10, 2021) ("Confidentiality agreements are not an adequate basis for sealing."); *Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.*, No. 12 CIV. 3274 JPO, 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012) (quoting in part *Alexandria Real Est. Equities, Inc. v. Fair*, No. 11 CIV. 3694 LTS, 2011 WL 6015646, at *3 (S.D.N.Y. Nov. 30, 2011)) ("Courts in this District have held that 'the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access[ ]' and have consistently refused to seal the record of a petition to confirm an arbitration award, notwithstanding the existence of such an agreement."). This position is consistent with the general law regarding sealing in this Circuit, which holds that the Court's obligation to keep records open

is not conditioned on an objection from any party or nonparty. *See Rudd*, 834 F.3d at 595 (quoting *Shane Grp.*, 825 F.3d at 307, and *In re Knoxville*, 723 F.2d at 475)) ("The 'court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.' Rather, the court has an independent 'obligation to consider the rights of the public.' This is true 'even if neither party objects to the motion to seal.' "). Thus, Parties cannot simply "agree" to file a document under seal (or that a document is entitled to protection) without making the showing described above.

## II.   ANALYSIS

### a. Wasserman's Motion (DN 290)

Wasserman seeks leave to file under seal Exhibit A to its Motion for Attorney's Fees (DN 292). Wasserman asserts that Schnatter previously designated the contents of Exhibit A as confidential. (DN 290 at 8736-37.) Pursuant to the Confidentiality Agreement, Wasserman filed Exhibit A under provisional seal to allow Schnatter to file a response petitioning the Court for permanent seal of the same. Schnatter did not file that response, and Wasserman takes no position as to whether the materials merit sealing. The Parties' Confidentiality Agreement is not binding on the Court, and the fact that the Parties agreed regarding the confidentiality of the documents does not waive the public interest in keeping court records open. *Rudd*, 834 F.3d at 595. Therefore, and as there are no other objections to public disclosure of Exhibit A, Wasserman's motion is denied.

### b. Laundry Service and Schnatter's Motions to Seal (DNs 287, 295)

Laundry Service and Schnatter moved to file under seal the same document, the Arbitration Demand, attached as an exhibit to both Laundry Service's answer to Schnatter's second amended complaint and to Schnatter's motion to stay arbitration. (DNs 286, 294.) Laundry Service supports

sealing whereas Schnatter takes no position on the merits.  Schnatter filed his motion only as "an effort to abide by [Laundry Service's] desire to keep the document confidential[.]"  (DN 295 at 9891.)  In support of the motion, Laundry Service points to the NDA, which requires materials such as the Arbitration Demand to remain confidential.  (DN 287 at 8663.)  In its response to Schnatter's motion, Laundry Service adds that sealing is warranted for "ancillary reasons" related to the Parties' arbitration proceedings.  (DN 302 at 9111.)  Specifically, Laundry Service asserts that the Arbitration Demand contains allegations that, if made public, would further Schnatter's "inappropriate agenda" to disclose confidential discovery information "to wage a rehabilitation campaign in the court of public opinion."  (*Id.*)

The mere existence of a confidentiality clause is insufficient to justify sealing.  As to Schnatter's "inappropriate agenda" and "rehabilitation campaign," Laundry Service's assertions are unsupported by a legal or even factual basis.  (DN 302 at 9111-12.)  Laundry Service explains that the Arbitration Demand might be misused by Schnatter to "repair his image."  (*Id.*)  However, Laundry Services fails to mention any injury to itself–much less a "clearly defined and serious injury"–if the Arbitration Demand is not sealed.  *Shane Grp.,* 825 F.3d at 307.  In fact, Laundry Service fails to mention altogether why *public* access to Arbitration Demand will cause harm to *Laundry Service*, other than to state that disclosure would violate the NDA.  At best, it is implied that Schnatter's repair of his image would come the cost of Laundry Service's and cause reputational harm to the latter.  Reputational harm does not justify sealing, even less so where, as here, the materials at issue were generated and filed to the record by the same party now seeking nondisclosure.  *Rudd*, 834 F.3d at 594 (quoting *Brown & Williamson*, 710 F.2d at 1179) ("'Simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records.'

That is especially true here, where the entity alleging harm from publicizing the mere existence of this case is the plaintiff—the party that chose to file suit.")  Both Schnatter and Laundry Service are already bound to "bargained-for confidentiality" as to the existence of the Arbitration Demand, and there are no other harms contemplated by Laundry Service for the Court to consider.  (DN 302 at 9111.)  Because Laundry Service failed to articulate a sufficient basis for sealing and the Court can see none, the motion is denied.

### III.    CONCLUSION & ORDER

For the reasons stated above,

IT IS HEREBY ORDERED that

(1) The Parties' Motions for Leave to Seal (DNs 287, 290 and 295) are **DENIED**.

(2) The Clerk of the Court shall permanently unseal DNs 288, 291 and 294.

Colin H Lindsay, Magistrate Judge
United States District Court

June 24, 2024

cc:     Counsel of Record