UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00003-BJB-CHL

JOHN H. SCHNATTER,                                                                   Plaintiff,

v.

247 GROUP, LLC, et al.,                                                              Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court are four separate motions to seal filed by the Parties: Defendant's Motion to File Certain Materials Provisionally under Seal (DN 342), Plaintiff's Motion to File Under Seal All or Portions of Exhibits C, F, G and H to His Pre-Trial Memorandum on Contract Formation (DN 347), Plaintiff's Motion to File Under Seal Portions of Exhibit A to the Plaintiff's Witness Deposition Designations (DN 352), and Plaintiff's Motion to File Under Seal One Page of Exhibit 17 to Plaintiff's Notice of Filing Admitted Exhibits and Clip Reports. (DN 385.) Plaintiff has filed a response to Defendant's Motion (DN 342), Defendant has filed a response to Plaintiff's latest motion (DN 385), and the time for filing a response to all other motions (DNs 347, 352) has passed. Therefore, these motions are ripe for review.

For the reasons stated below, Plaintiff's Motion and Defendant's Motions are **DENIED**.

**I.      Background**

      **A.     Defendant records Plaintiff using a racial slur during a conference call and discloses the recording to the press.**

Plaintiff John Schnatter ("Plaintiff") is the founder of Papa John's International ("Papa John's") and served as its CEO and Chairman until 2018. (DN 1-1 at ¶ 10.) On May 22, 2018, Plaintiff was in a call with Defendant 247 Group, LLC ("Defendant"). (*Id*. at ¶ 4.) During the call, Defendant asked Plaintiff for his views on race relations in the United States. (*Id*.) At one

point in the call, Plaintiff used a racial slur, unaware that he was being recorded. (*Id*. at ¶¶ 4, 30.) Defendant then leaked portions of the call to Forbes Magazine, who reported the call in an article titled "Papa John's Founder Used N-Word on Conference Call." (*Id*. at ¶ 8.) The article ignited a virtual firestorm around Plaintiff and his company, ultimately causing Plaintiff to resign from his position as Chairman of Papa John's International. (*Id*.) Plaintiff alleges that Defendant violated a Non-Disparagement Agreement ("NDA") between the two Parties by leaking the call. (DN 238 at ¶¶ 167-77.)

Two days after Forbes reported the call, Papa John's announced that it would no longer include Plaintiff in any advertising or marketing materials for the brand. (DN 1-1 at ¶ 36.) The University of Louisville, Purdue University, the University of Kentucky, and Bell State University all cut ties with Plaintiff. (*Id*.) Papa John's denied Plaintiff access to its headquarters, prohibited him from speaking on its behalf, and canceled its Licensing Agreement with him. (*Id*. at ¶¶ 36-39.)

Plaintiff sued Defendant for Breach of Contract, Tortious Interference with Prospective Economic Advantage, and Intentional Infliction of Emotional Distress. (DN 1-1 at ¶¶ 40-65.) Plaintiff dismissed his own claim for Intentional Infliction of Emotional Distress (DN 39) and amended his complaint to include Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing, Tortious Interference with Contract, and Prima Facie Tort. (DN 48-2 at ¶¶ 53-81.) Plaintiff amended his complaint once again, asserting only Breach of Contract, Intrusion Upon Seclusion, and False Light. (DN 238 at ¶¶ 167-208.) The Court granted summary judgment for Defendant on the False Light and Intrusion Upon Seclusion claims, leaving only the Breach of Contract claim against Defendant. (DN 280, at PageID # 8588.)

  **B.** **During litigation, the Parties enter into a confidentiality agreement concerning discovery materials.**

The Parties entered into a confidentiality agreement on July 1, 2020 ("Confidentiality Agreement"). (DN 49-1, at PageID # 452.) Under the Confidentiality Agreement, the Parties agreed to designate any discovery material as "Confidential Discovery Material" if either Party believes, in good faith, that such material contains information that should remain confidential. (*Id*. at PageID # 447-48.) The Parties also agreed to meet and confer before filing any Confidential Discovery Material with the Court. (*Id*.) If the Parties could not agree as to whether certain materials should remain confidential, then the Party seeking to file such materials would do so provisionally under seal and allow the other Party to move for an order placing such documents permanently under seal. (*Id*.)

### C. Defendant files an expert report produced by Doug Bania provisionally under seal.

Defendant deposed various Papa John's executives, including Steve Ritchie, the former CEO of Papa John's. (DN 336, at PageID # 9264.) Ritchie testified that he suspected Plaintiff of abusing alcohol, and that his alcohol use had impacted his work performance. (*Id*.) Ritchie also testified that he had approved an intervention by then-Board member Wayne Kent Taylor to bring Plaintiff to a rehabilitation center in Pennsylvania, but he did not complete his treatment. (*Id*.)

During Plaintiff's deposition, he denied abusing alcohol during his tenure as CEO or receiving treatment in Pennsylvania. (DN 336, at PageID # 9265.) Defendant then made this request for production to disprove Plaintiff's testimony:

**Request for Production No. 71:**

All Documents and Communications related to your attendance at a hospital, in-patient, outpatient, rehabilitation center, clinic, and/or other type of medical facility related to your use of, abuse of, and/or addiction to alcohol or any other drug. Such Documents and Communications should include, but are not limited to, invoices, medical records, and travel and lodging documentation (such as tickets, plane manifests, or reservations).

(DN 259-7, at PageID # 8047.) If Plaintiff never received such treatment, then he should have been able to confirm that no such records existed. Instead, Plaintiff objected to the request:

> **RESPONSE:** Objection. This Request is irrelevant, overly broad and seeks privileged confidential and private information. This Request does not satisfy the "good cause" requirement for production of such information. Moreover, this Request is not likely to lead to the discovery of relevant information and, instead, appears to be requested in an effort to harass and intimidate the Plaintiff.

(DN 259-9, at PageID # 8068.) The Parties met and conferred but failed to agree on this issue. (DN 336, at PageID # 9267.) Defendant then moved the Court to compel production of Plaintiff's rehabilitation records. (*Id*.) The Court granted Defendant's motion, holding that Plaintiff could not "rely on both the shield of protection for substance abuse treatment protection records and the sword of insisting that he never received such treatment in the first place." (*Id*. at PageID # 9272.)

Plaintiff objected to the Court's order, arguing that his alleged alcohol abuse and treatment were irrelevant to this case, and thus not discoverable. (DN 337, at PageID # 9301.) In support of this objection, Plaintiff attached an abridged version of an expert report produced by Doug Bania ("Bania Report") to demonstrate that Plaintiff was only seeking damages he incurred to mitigate the harm caused by Defendant's alleged breach of contract, not reputational damages. (*Id*.) Defendant responded to Plaintiff's objection by arguing that the full Bania Report contradicted Plaintiff's argument because the report indicated that Plaintiff's mitigation damages were based on reputational harms. (DN 341, at PageID # 9373.) Part of this damage analysis was the effect that Plaintiff's alcohol abuse and treatment had on his reputation before the Forbes article. (*Id*.) Since the Parties designated the Bania Report as confidential, Defendant filed the full Bania Report provisionally under seal and redacted the portion of its response that quoted from the report. (DN 342, at PageID # 9384.) Plaintiff then requested that the Court maintain the full

4

Bania Report under seal and filed a public redacted version of the Report to the court docket. (DN 368, at PageID # 9923.)

### D. Plaintiff files transcripts of deposition testimony and an email chain provisionally under seal.

The Court held a bench trial to determine whether the Parties had a contract. (DN 339, at PageID # 11080.) At the trial, Plaintiff argued that the NDA prohibited Defendant from disclosing sensitive information about the Plaintiff. (*Id*. at PageID # 11092.) In support of this claim, Plaintiff filed a Pre-Trial Memorandum that included exhibits of transcripts of depositions concerning the exchange of the NDA between the Parties, as well as an email chain between Mike Mikho and Corey Smock concerning the status of work for Papa John's Account. (DN 346.) However, Defendant designated portions of these transcripts and the email chain as confidential. (DN 347, at PageID # 9648.) Accordingly, Plaintiff filed redacted versions of the transcripts, and filed the full versions of these transcripts under seal, in addition to the email chain. (DN 347, at PageID # 9649.) Defendant did not request that the Court maintain those documents permanently under seal.

Plaintiff also filed with the Court transcripts of a Rule 30(b)(6) deposition of Defendant, a Rule 30(b)(6) deposition of Papa John's, and a deposition of Randi White. (DN 352, at PageID # 9736-37.) Defendant designated portions of these transcripts as confidential, and thus Plaintiff has filed redacted versions of these transcripts with the Court. (DN 351.) The redacted portions concern details surrounding the exchange of the NDA, individuals with authority to bind Defendant to contracts, and Randi White's role with Defendant. (DN 352, at PageID # 9736-37.) Plaintiff filed the unredacted transcripts under seal with the Court, but he does not assert that they should remain under seal. (*Id*.) Defendant did not request that the Court maintain those documents permanently under seal.

Additionally, Plaintiff filed a redacted version of the transcript of Katie Wollrich's deposition in the public record. Plaintiff is now requesting that the Court maintain the redacted portion of the transcript under seal. (DN 385.)

## II. Discussion

### A. Standard of Review

Every court has supervisory power over its own records and files, and courts generally deny access to those records when they might become a vehicle for improper purposes. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). As such, the district court's decision to seal court documents or records is reviewed for abuse of discretion. *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016). An abuse of discretion exists when the reviewing court is "firmly convinced" that a mistake has been made. *Bush v. Rauch*, 38 F.3d 842, 848 (6th Cir. 1994).

### B. Motions to Seal

The public has a Constitutional right to access trials and court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178 (6th Cir. 1983). Hence, a party that wants to file documents under seal must overcome a "strong presumption" in favor of openness. *Id.* at 1179. While the district court has the discretion to seal court records, it may only do so if there is a compelling reason. *Rudd*, 834 F.3d at 593. This is true even when both parties agree to the motion to seal. *Shane Grp. Inc. v. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306 (6th Cir. 2016). When making this determination, the district court must balance the litigants' privacy interests against the public's right of access, recognizing the judicial system's strong presumption in favor of openness. *Rudd*, 834 F.3d at 594.

#### 1. Defendant's Motion to File Certain Materials Provisionally Under Seal. (DN 342.)

Here, Defendant filed under seal: (1) an unredacted Response to Plaintiff John Schnatter's Objection to Magistrate Judge's March 28, 2024, Memorandum Opinion and Order ("Response") and (2) an exhibit to the Declaration of Patrick J. Somers ("Somers Declaration"), tendered in connection with the Response.  (DN 342.)  Defendant filed these materials provisionally under seal pursuant to the Parties' Confidentiality Agreement.  (*Id*. at PageID # 9384.)  Plaintiff is moving to maintain these files permanently under seal.  (DN 368.)  Plaintiff asserts that these documents contain references to privileged settlement agreements, and information protected by statute.  (*Id*. at PageID # 9923; DN 115; DN 129.)

### a) Plaintiff's prior settlement agreements are not privileged settlement communications.

The Sixth Circuit recognizes a privilege only for the *conduct and statements* made during settlement negotiations due to the "strong public interest" in favor of secrecy.  *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (2003).  That is because the need for privacy in settlement talks outweighs any First Amendment right of access to court proceedings.  *Id*.  However, this privilege does not extend to every document or communication arguably related to settlement negotiations or even finalized settlement agreements.  *Westlake Vinyls, Inc. v. Goodrich Corp.*, No. 5:03-CV-00240-R, 2007 WL 1959168, at *3 (W.D. Ky. June 29, 2007).  Accordingly, neither the existence of a settlement agreement nor the terms of such agreement are privileged.

Here, Plaintiff asserts that the redacted portions of the Bania Report contain information protected by the settlement communications privilege, but that privilege does not apply.  The privilege recognized in *Goodyear* is quite limited as it only applies to communications made *in furtherance* of settlement, not the existence of a settlement, or the settlement agreement itself.

7

*Westlake*, 2007 WL 1959168, at *3. The redacted material does not mention settlement communications; it only mentions the existence of the underlying disputes, the existence of settlement agreements, and the terms of such agreements. Accordingly, the Bania Report is not protected by the settlement communications privilege.

      **b)    The redacted portions referencing settlement agreements are not subject to elevated protection.**

Plaintiff asserts that the existence and terms of his past settlement agreements are subject to an elevated standard of protection, but that standard does not apply. That standard only applies to *discovery* of confidential settlement agreements, not to the *sealing* of settlement agreements. *Centillion Data Sys., Inc. v. Ameritech Corp.*, 193 F.R.D. 550, 552 n. 1 (S.D. Ind. 1999). The standard for sealing documents filed with the Court is much higher than the standard for issuing protective orders during discovery. *Shane*, 825 F.3d at 305 ("Secrecy is fine at the discovery stage, before the material enters the judicial record.") (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002)). The proponent of sealing must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id*. (quoting *Baxter*, 297 F.3d at 548). Plaintiff has not done so.

      **c)    The redacted portions of the Bania Report are not protected by statute.**

Statutes that require courts to maintain information in confidence are typically enough to overcome the presumption of access. *Shane*, 825 F.3d at 308. Plaintiff asserts that the redacted information is protected by 42 U.S.C. § 290dd-2, which provides:

> Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance use disorder education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection

8

>  (e), be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b).

Federal regulations define records as "any information, whether recorded or not, created by, received, or acquired by a part 2 program relating to a patient." 42 C.F.R. § 2.11. A patient is "any individual who has applied for or been given diagnosis, treatment, or referral for treatment for a substance use disorder at a part 2 program." *Id.*

The Bania Report is not a "record" under 42 U.S.C. § 290dd-2. It was created by an Intellectual Property Consultant for the purpose of assessing the damages caused by Defendant's alleged breach of contract. (DN 368-1, at PageID # 9931.) It was not created by a part 2 program relating to a patient for substance abuse treatment, and thus is not protected by § 290dd-2. 42 C.F.R. § 2.11. Since the Bania Report is not covered by the statute, the statute does not protect it from disclosure.

### d) Public policy does not favor sealing the unredacted Bania Report.

The public policy favoring disclosure can be balanced out by a countervailing public policy favoring secrecy. *See In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 477 (6th Cir. 1983) ("[T]hese statutory and regulatory provisions clearly indicate Congress' intention that the banking records of individuals be kept in strict confidence. The privacy interests embodied in those provisions identify a compelling governmental interest in preserving the secrecy of personal financial records."). In *Ellison v. Cocke Cnty., Tenn.*, the Sixth Circuit recognized that the Drug Abuse Office and Treatment Act of 1972 was passed to coordinate federal drug abuse prevention efforts. 63 F.3d 467, 471 (6th Cir. 1995). As part of this effort, Congress imposed strict confidentiality provisions on medical records related to the treatment of substance abuse. *Id.* Otherwise, individuals suffering from substance abuse would not want to seek treatment out of

fear that their records would become public. *Id*. Thus, the Drug Abuse Office and Treatment Act of 1972 embodies a public policy interest favoring the secrecy of treatment and rehabilitation for substance abuse.

The public interest in the disclosure of the Bania Report is not balanced out by the countervailing public policy favoring secrecy of substance abuse treatment. Here, Plaintiff denies that he has ever sought treatment for alcohol abuse. Most of the redacted information in the Bania Report does not even mention that Plaintiff sought treatment for substance abuse, just the fact that Plaintiff had allegedly abused alcohol. (DN 343-1, at PageID # 9456-57.) Congress sought to avoid dissuading people from seeking treatment for substance abuse by protecting such treatment from disclosure. *Ellison*, 63 F.3d at 471. The mere knowledge that an individual suffers from substance abuse is not enough to dissuade them from seeking treatment. Furthermore, the very same report asserts that Plaintiff denies ever seeking treatment or rehabilitation. (*Id*. at PageID # 9457.) Plaintiff thus defines himself as not being among those Congress intended to protect. *See Fannon v. Johnston*, 88 F.Supp.2d 753, 759 (E.D. Mich. 2000).

While some of the redacted information in the Bania Report contains statements that heavily imply Plaintiff had sought treatment, this is not protected either. The Court has previously told Plaintiff that he should not be able to rely on statutory protections for substance abuse treatment while denying that he had ever received treatment in the first place. (DN 336, at PageID # 9272.) This is especially true when some of the redacted portions of the Bania Report contain statements from Plaintiff denying that he had ever sought treatment. Accordingly, public policy does not favor sealing.

      **e)**  **The public interest justifies disclosure of the documents under seal.**

The public has an interest in accessing information that is relevant to the Court's rulings. *Brown & Williamson*, 710 F.2d at 1178 ("The public has an interest in ascertaining what evidence and records the District Court and the Court have relied upon in reaching our decisions."). The Court must weigh the public interest in disclosure against any affected privacy interests before sealing records, and a strong public interest must be balanced out by a strong privacy interest. *Shane*, 825 F.3d at 305.

Here, all the redacted information is relevant to the Court's ruling on Plaintiff's objection. (DN 337.) Plaintiff argues that records related to his alleged alcohol abuse treatment are irrelevant to the remaining claim in this action, and thus are not discoverable. (DN 337, at PageID # 9301.) However, Defendant argues that such records are relevant because Plaintiff is seeking damages for the cost Plaintiff incurred in mitigating the damage done to his reputation. (DN 341, at PageID # 9373.) Defendant claims that the Bania Report supports this argument because it proves that Plaintiff is still seeking damages for reputational harm. (*Id.*) The Bania Report is relevant to prove that Plaintiff's reputation is at issue in this case and is thus relevant to determine whether Plaintiff's alleged alcohol abuse, treatment, and settlement agreements are discoverable. FED. R. CIV. P. 26(b)(1). Accordingly, the Bania Report is relevant to the Court's holding on Plaintiff's Objection to the Court's ruling that such information is discoverable. (DN 337.) Therefore, the public has an interest in the full Bania Report.

The public interest in the Bania Report and Defendant's Response to Plaintiff's Objection outweigh any privacy interest asserted by Plaintiff. Final settlement agreements are not privileged, nor does public policy favor their secrecy. Plaintiff's alleged alcohol abuse and treatment are also not protected by statute or public policy. Furthermore, the full Bania Report and Defendant's Response are relevant to the Court's ruling on Plaintiff's Objection, hence the public has an interest

11

in their disclosure.  Accordingly, Defendant's Motion is **DENIED**.  The Bania Report and the full version of Defendant's Response (DN 343) shall be unsealed.

> **2.** **Plaintiff's Motion to File Under Seal All or Portions of Exhibits C, F, G and H to his Pre-Trial Memorandum on Contract Formation (DN 347) and Plaintiff's Motion to File Under Seal Portions of Exhibit A to the Plaintiff's Witness Deposition Designations.  (DN 352.)**

Plaintiff files two motions to file certain exhibits provisionally under seal.  (DNs 347, 352.)  As both motions are nearly identical, the Court will address them both here.

Plaintiff files these exhibits provisionally under seal pursuant to the Confidentiality Agreement.  (DN 347, at PageID # 9648; DN 352, at PageID # 9735.)  A confidentiality agreement may bind the Parties, but it does not bind the Court.  *Brown & Williamson*, 710 F.2d at 1180.  A party seeking to seal court records bears a heavy burden to justify non-disclosure, and a confidentiality agreement is not enough to overcome that burden.  *Shane*, 825 F.3d at 305; *Brown & Williamson*, 710 F.2d at 1180.  Plaintiff also asserts that the exhibits have been inappropriately designated as confidential, and Defendant has not filed a response advising the Court as to why the sealed exhibits should remain sealed.  (DN 347, at PageID # 9648; DN 352, at PageID # 9735.)  Accordingly, Plaintiff's Motions are **DENIED**, and the exhibits (DNs 348, 353) shall be unsealed.

> **3.** **Plaintiff's Motion to File Under Seal One Page of Exhibit 1 to Plaintiff's Notice of Filing Admitted Exhibits and Clip Reports.  (DN 385.)**

Finally, Plaintiff is asking the Court to maintain under seal one page of the transcript of the deposition of Katie Wollrich related to Plaintiff's alleged substance abuse and treatment.[1] (DN 385.)  Plaintiff reasserts his prior argument that the redacted information is protected by statute.

---

[1] In its response, Defendant asks the Court for leave to supplement its pending Motion for Sanctions (DN 340) to include the cost of preparing its opposition to Plaintiff's Motion to Seal.  Defendant cites no authority to support the Court's authority to award fees for responding to a Motion to Seal, and thus the Court will not consider it.

12

(*Id*. At PageID # 10595.)  However, as the Court has already held, Plaintiff may not rely on "the shield of protection for substance abuse treatment protection records and the sword of insisting that he never received such treatment in the first place." (DN 336, at PageID # 9272.)  Although the Court has previously permitted Plaintiff to file material related to his alleged substance abuse and treatment under seal, the Court also cautioned Plaintiff that such material may not remain sealed if the information were to become more important to the Court's future decisions. (*Id*. at PageID # 9287.)  In fact, such information *did* become important to the Court's decision to grant Defendant's Motion to Compel.  (*Id*. at PageID # 9287-88.)  That is why the Court unsealed documents referencing Plaintiff's substance abuse and treatment.  (*Id*.)

Here, there are no new circumstances that would justify maintaining under seal the portion of Katie Wollrich's deposition testimony that is already publicly available. (DN 246-4, at PageID # 5451.)  Instead, Plaintiff reasserts arguments and case law that the Court has found unconvincing. (DN 336.)  Moreover, as Plaintiff seeks to seal information also contained in the Bania Report, the analysis concerning the Bania Report applies just the same.  Additionally, the Court considered the exhibit during the Parties' bench trial, so the public interest remains the same.  (DN 384.)  Accordingly, Plaintiff's Motion is **DENIED**.

### III. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

(1) Defendant's Motion to File Certain Materials Provisionally Under Seal (DN 342) is **DENIED.**

    (a) The Clerk shall permanently unseal DN 343 and its exhibits.

(2) Plaintiff's Motions to file certain Exhibits Under Seal (DNs 347, 352, 385) are **DENIED**.

    (a) The Clerk shall permanently unseal DNs 348, 353, 386 and their exhibits.

November 20, 2024

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record

14