**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **JOHN H. SCHNATTER,** | **Case No. 3:20-cv-00003-BJB-CHL** |
| **Plaintiff,** | **JUDGE BENJAMIN J. BEATON** |
| **v.** | **MAGISTRATE JUDGE COLIN H. LINDSAY** |
| **247 GROUP, LLC d/b/a LAUNDRY SERVICE,** | |
| **Defendant.** | |

**DECLARATION OF PATRICK J. SOMERS IN SUPPORT OF DEFENDANT LAUNDRY SERVICE'S SUPPLEMENTAL REPORT REGARDING JOHN H. SCHNATTER'S NONCOMPLIANCE WITH COURT ORDERS AND REQUEST FOR ANOTHER COURT ORDER COMPELLING COMPLIANCE**

KENDALL BRILL & KELLY LLP

Bert H. Deixler (*pro hac vice*)
 Email: bdeixler@kbkfirm.com
Patrick J. Somers (*pro hac vice*)
 Email: psomers@kbkfirm.com
David T. Freenock (*pro hac vice)*
 Email*:* dfreenock@kbkfirm.com
 10100 Santa Monica Blvd., Suite 2500
Los Angeles, California 90067
Telephone: (310) 556-2700
Facsimile: (310) 556-2705


*Counsel for Defendant*

KAPLAN JOHNSON ABATE & BIRD LLP

Michael P. Abate
 Email: mabate@kaplanjohnsonlaw.com
710 West Main Street, 4th Floor
Louisville, Kentucky 40202
Telephone: (502) 416-1630
Facsimile: (502) 540-8282



*Counsel for Defendant*

## DECLARATION OF PATRICK J. SOMERS

I, Patrick J. Somers, declare as follows:

1.      I am an attorney at the law firm of Kendall Brill & Kelly LLP, counsel of record for 247 Group, LLC d/b/a Laundry Service in the above-captioned action.  I am a member in good standing of the State Bar of California and am admitted to practice before this Court.  Except where otherwise stated, I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      Schnatter's counsel did not attempt to meet and confer following the January 26 hearing.  Having not heard from Schnatter's counsel, on January 29, 2026, Laundry Service sent Schnatter's counsel a letter with proposals regarding Schnatter's compliance.

3.      Schnatter's counsel did not respond to the January 29, 2026, letter.

4.      On February 4, 2026, having not heard from Schnatter's counsel since the Court overruled Schnatter's objections on January 26, 2026, Laundry Service followed up again and reminded Schnatter's counsel that the Court ordered the parties to meet and confer promptly regarding Schnatter's compliance.  A true and correct copy of a February 2026 email chain between counsel for Laundry Service and counsel for Schnatter is attached hereto as **Exhibit A**.

5.      During the February 11, 2026, meet and confer, counsel for Schnatter admitted she had not reviewed the Caron records and communications because Schnatter had his "agent" review them first without counsel.  Counsel for Schnatter stated she would be reviewing whatever records the "agent" provided later that evening.  The parties thus agreed to meet and confer again the following morning before the scheduled February 12, 2026, status conference with the Court.

6.      During the meet and confer on the morning of February 12, 2026, counsel for Schnatter stated that the records and communications from Caron confirmed Schnatter had been admitted for substance abuse treatment, despite his prior sworn testimony to the contrary, Schnatter

1

understood he had been admitted for treatment, and Schnatter remained at Caron for a significant amount of time. Counsel for Schnatter further stated that Schnatter did not complete treatment and instead departed rehab prematurely against medical advice. Counsel for Schnatter again proposed that Schnatter produce "objective records," including records showing the dates Schnatter was admitted and discharged from treatment, and Laundry Service agree not to seek additional records or communications.

7.    Counsel for Laundry Service declined this proposal and explained that Laundry Service could not agree that the production of "objective records" would be sufficient without first reviewing the records Schnatter was offering to produce. Moreover, the issues are not limited to whether Schnatter was admitted to treatment. Counsel for Laundry Service explained that Schnatter must produce records and confidential communications concerning the nature and extent of his alcohol abuse and treatment.

8.    Counsel for Schnatter stated she understood Laundry Service's position, but noted that certain portions of the confidential communications included issues unrelated to this case, for example, Schnatter's childhood. Counsel for Laundry Service stated it was not seeking discovery into unrelated issues and suggested Schnatter provide a log to permit Laundry Service to assess any redactions or withheld communications. Counsel for Laundry Service asked counsel for Schnatter to provide a written proposal regarding what confidential communications Schnatter would produce and what confidential communications Schnatter proposed to redact or withhold. Counsel for Schnatter agreed to do so later that day or the following day.

9.    Schnatter did not produce records or provide a written proposal on February 12 or February 13, 2026. Having not heard from Schnatter's counsel, Laundry Service followed up twice (on February 17 and 18, 2026) to inquire about the production of records and

2

communications concerning ==Schnatter's alcohol abuse and treatment a==nd written proposal regarding what communications Schnatter proposed to redact or withhold.  A true and correct February 2026 email chain is attached hereto as **Exhibit B**.

10.    Rather than produce records and provide a written proposal, on February 19, 2026, counsel for Schnatter proposed another meet and confer on February 20, 2026.  Counsel for Laundry Service agreed to the meet and confer but explained Schnatter needed to comply with the Court's orders and his representations to the Laundry Service and the Court and demanded the promised productions of records and communications and written proposal regarding redacted or withheld documents.

11.    Schnatter refused to produce documents or provide a written proposal.  After Laundry Service informed the Court of Schnatter's continued noncompliance, prior to the meet and confer scheduled for February 20, 2026, Schnatter finally put forward a proposal—but it was a proposal to withhold all records and communications from Caron and provide only an "Attorney's Eyes Only" privilege log and no documents.  A true and correct February 2026 email chain is attached hereto as **Exhibit C**.

12.    Laundry Service immediately rejected this proposal.  While Laundry Service has no objection to initially receiving records and communications as "Attorney's Eyes Only," Schnatter must produce the ordered records and communications.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on this 23nd day of February, 2026, at Los Angeles, California.

_____
Patrick J. Somers

3