# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*(Electronically Filed)*

| | | |
|---|---|---|
| JOHN H. SCHNATTER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No.:  3:20-cv-00003-BJB-CHL |
| | ) | Judge BENJAMIN BEATON |
| 247 GROUP, LLC d/b/a LAUNDRY SERVICE | ) | Magistrate Judge COLIN H. LINDSAY |
| | ) | |
| Defendant | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, John H. Schnatter ("Schnatter"), through counsel, hereby tenders the following

Jury Instructions for the Court's use in regard to the above-referenced action.

Tendered by:

*s/ Dennis D. Murrell*
Dennis D. Murrell
Elisabeth S. Gray
Jennifer
Augustus S. Herbert
M. Katherine Ison
**GRAY ICE HIGDON, PLLC**
3939 Shelbyville Road, Suite 201
Louisville, KY  40207
(502) 677-4729
dmurrell@grayice.com
egray@grayice.com
aherbert@grayice.com
kison@grayice.com

-and-

Jeffrey A. Neiman (*Admitted Pro Hac*)
**NEIMAN MAYS FLOCH & ALMEIDA PLLC**
550 S Andrews Avenue, Suite 720
Ft. Lauderdale, FL 33301
(954) 462-1200
jneiman@nmfalawfirm.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was e-mailed on this the ___*1ˢᵗ*___ day of May, 2026, to the registered counsel listed below:

Michael P. Abate
Burt A. Stinson
**KAPLAN JOHNSON ABATE & BIRD, LLP**
710 W. Main St., 4th Fl.
Louisville, KY  40202
mabate@kaplanjohnsonlaw.com
cstinson@kaplanjohnsonlaw.com

and

Bert H. Deixler (pro hac vice)
Patrick J. Somers (pro hac vice)
David T. Freenock (pro hac vice)
**KENDALL BRILL & KELLY LLP**
10100 Santa Monica Blvd., Suite 1725
Los Angeles, CA  90067
bdeixler@kbkfirm.com
psomers@kbkfirm.com
dfreenock@kbkfirm.com
***Counsel for Defendant***
***247 Group, LLC d/b/a Laundry Service***

          *s/ Dennis D. Murrell*
          ***Counsel for Plaintiff***

2

## <u>INDEX</u>

INSTRUCTION NO. 1 ....................................................................................................................4

    General Instruction ...............................................................................................................4

    Duties of the Jury ..................................................................................................................4

RULES OF LAW ...........................................................................................................................7

    1.  Breach of Contract ........................................................................................................7

DAMAGES ....................................................................................................................................9

    Damages Generally ...............................................................................................................9

    Compensatory Damages ....................................................................................................10

JURY DELIBERATIONS .............................................................................................................11

VERDICT FORM NO. A .............................................................................................................13

## INSTRUCTION NO. 1

### General Instruction

Members of the jury, now I will instruct you about the law that you must follow in deciding this case. These instructions have three parts. *First,* we will discuss your duties and the general rules that apply in every civil case. *Second,* I will explain the legal elements, or questions, that must be determined to decide the claim in question. Then I will pause, and you will hear closing arguments from the lawyers—but remember that those do not bind you like my instructions do. *Third,* and finally, I will talk to you about how this group, as a jury, will deliberate and decide this case.

### Duties of the Jury

You have two main duties as a juror. The first is to decide what the facts are. You must make this decision based on the evidence that you saw and heard here in Court. Deciding what the facts are is your job—not mine. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to apply the law, as I explain it, to those facts that you found. My job is to instruct you about the law. You are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.

1.      This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole. The lawyers may talk about the law during their arguments.

2.      But if what they say is different from what I say, you must follow what I say. What the judge says about the law controls. Please work hard to perform these duties carefully and fairly.

3.      Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The parties, lawyers, and I expect that you will

carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict, regardless of the consequences.

You should consider and decide this case as a dispute between parties of equal standing, of equal worth, and holding the same or similar stations in the community. All parties stand equal before the law and are to be treated as equals. Corporations such as the Defendant in this case act through individual employees and representatives. In general, the law holds a corporation responsible for the acts and statements of its employees that are made within the scope of their professional duties. Your deliberations must not consider the relative wealth of any party to this lawsuit.

You are to consider only the evidence in this case. Unless I instruct you otherwise, the evidence in the case consists of the sworn testimony of the witnesses (regardless of who called the witness), all exhibits received in evidence (regardless of who may have produced them), and all facts and events that may have been admitted or stipulated to.

Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is all intended to help you understand the evidence, but it is not evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence, like the testimony of an eyewitness, which (if you believe it) would directly prove a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply evidence that tends to prove a fact indirectly. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could infer that it was raining. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

As a reminder, the party asserting a claim generally has the burden of proving his case against the other party by what is called a "preponderance of the evidence." That phrase does not, of course, require proof to an absolute certainty. Rather, it means that the party asserting a claim must present evidence that, considered in light of all the facts, persuades you that what the party claims is more likely to be true than not true.

This standard does not require "proof beyond a reasonable doubt." That is an even stricter standard that applies in criminal cases. It does not apply in civil cases, such as this one. So you should disregard it. The standard here is whether the evidence establishes that a fact is more likely true than false.

6

## RULES OF LAW

### I.    Breach of Contract

Schnatter has asserted a claim for breach of contract against Laundry Service.  To prevail on a breach of contract claim, a plaintiff must prove each of the following elements:

1) The existence of a contract;

2) A breach of that contract; and

3) Damages flowing from the breach.

Schnatter and Laundry Service were parties to a contract known as the Confidentiality, Non-Disparagement and Dispute Resolution Agreement.  I have already concluded as a matter of law that the Confidentiality, Non-Disparagement and Dispute Resolution Agreement was a valid and binding contract between Schnatter and Laundry Service.  Therefore, your duty is to determine if Laundry Service breached that contract and, if so, whether its breach resulted in damages to Schnatter.

A "breach of contract" occurs when the party accused of breach of contract did something that was prohibited by the specific provisions of the contract or failed to do something that the contract specifically required.

You will find for Schnatter if you find that each of the following elements is more likely true than not true:

1) Laundry Service breached its obligations under the Confidentiality, Non-Disparagement and Dispute Resolution Agreement that it owed to Schnatter; and

2) Schnatter suffered damage or loss as a result of Laundry Service's breaches.

You must determine from the evidence whether Schnatter has proven that it is more likely true than not true that Laundry Service breached its obligations under the Confidentiality, Non-Disparagement and Dispute Resolution Agreement that it owed to Schnatter with respect to any one or more of the following categories claimed:

7

(a) Paragraph 1(a) of the Confidentiality, Non-Disparagement and Dispute Resolution Agreement prohibiting Laundry Service from using, copying, duplicating, posting or disclosing any information of a personal or business nature regarding Schnatter or his immediate family members and also from conveying, divulging, making available or communicating such information to any third party or assist others in using, copying, duplicating, posting or disclosing any of the foregoing; or

(b) Paragraph 1(b) of the Confidentiality, Non-Disparagement and Dispute Resolution Agreement requiring Laundry Service to return any records and documents, electronic or otherwise, and other information and materials referenced in Paragraph 1(a) upon a request from Papa John's or Schnatter; or

(c) Paragraph 1 (c) of the Confidentiality, Non-Disparagement and Dispute Resolution Agreement prohibiting Laundry Service from disparaging or making derogatory comments, verbal or written, regarding Papa John's, Schnatter or members of Schnatter's family.

If you find from the evidence that Laundry Service breached its contractual obligations to Schnatter and that Schnatter suffered damages as a result, you will proceed to identify the damages you award to Schnatter on the Verdict Form.

## CONSIDER ONLY IF YOU FOUND LIABILITY ABOVE

## DAMAGES

If Schnatter has proven that it is more likely true than not true that Laundry Service breached the Confidentiality Non-Disparagement and Dispute Resolution Agreement for any of the three categories discussed above, then you must determine the damages to which Schnatter is entitled. But you should not infer that Schnatter is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that Schnatter is entitled to recovery on any claim.

### Damages Generally

Schnatter is entitled to recover damages which you find from the evidence are reasonably certain in existence and amount. You may not award damages that are remote or speculative, nor may you award damages based on sympathy or guesswork.

1.  In determining the amount of damages, if any, that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. The law does not require Schnatter to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. The damages you award must be fair compensation—no more and no less. There is no exact standard for fixing the compensation to be awarded for the damage caused. Any award you make should be fair in light of the evidence presented at trial.

**Compensatory Damages**

The purpose of the law of damages is to award, as far as possible, just reasonable compensation for the loss, if any, which resulted from Laundry Service's violation of the rights of Schnatter. If you find that Laundry Service is liable on the claim under any of the three categories as I have explained them, then you must award Schnatter sufficient damages to compensate him for any injury proximately caused by Laundry Service.

These are known as "compensatory damages." Compensatory damages seek to make the party asserting the claim whole that is, to compensate him for any damage suffered. Damages for a breach of contract should place the wronged party in as good a position as that party would have been if the breaching party had fully performed its obligations under the contract.

You may award compensatory damages only for injuries that were proximately caused by Laundry Service's conduct. The damages that you award must be fair and reasonable neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that Schnatter has actually suffered or which he is reasonably likely to suffer in the near future.

If you decide to award compensatory damages, you must be guided by dispassionate common sense.

1.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. The law does not require the party asserting a claim to prove the amount of its losses with mathematical precision, but it must do so with as much definiteness and accuracy as the circumstances permit.

In all instances, you must use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

## **JURY DELIBERATIONS**

When you go back to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will serve as your spokesperson here in Court.

Please take these instructions to the jury room. When you have reached a unanimous agreement, the foreperson should complete the attached verdict form in accordance with the jury's verdict, write the date, and sign the verdict form on behalf of the jury. You will then tell the officer and return with your verdict to the courtroom.

Some of you may have taken notes during the trial. Any juror may use notes to refresh his or her memory of evidence presented at trial. But you should not rely on the notes as definitive fact or as evidence. Juror notes do not necessarily carry any greater weight than memory. And a juror's memory unaided by notes is just as significant as a juror's memory that is not. Jurors should not be influenced by another juror's notes.

Once you start deliberating, talk about the case only with other members of the jury – not with the security officer, or me, or anyone else. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the security officer. He will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

It is your duty as jurors to consult with one another with a view to reaching an agreement, if you possibly can do so without going against your individual judgment. You must each decide this case for yourself, but only after you impartially consider the evidence with your fellow jurors. During your deliberations, if you become convinced your own view is wrong, do not hesitate to reexamine your views and change your opinion. But do not surrender your honest conviction

11

regarding the weight or effect of the evidence solely because of the opinion of your fellow jurors, or merely so the group can finish and return a verdict.

Your verdict or answer to any question must be unanimous. All nine members of the jury must agree on every answer to the questions and on the verdict.

The verdict form below has been prepared for your convenience. You will take this form to the jury room and, when you have reached a verdict, fill it out according to the jury's decision. You will then tell the officer and return with your verdict to the courtroom. All nine of you must unanimously agree on the verdict.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*(Electronically Filed)*

| | |
|---|---|
| JOHN H. SCHNATTER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | )   Civil Action No.:  3:20-cv-00003-BJB-CHL |
| | )   Judge BENJAMIN BEATON |
| 247 GROUP, LLC d/b/a LAUNDRY | )   Magistrate Judge COLIN H. LINDSAY |
| SERVICE | ) |
| Defendant | ) |

## VERDICT FORM "A"

### Schnatter's Contract Claims Based on the Confidentiality, Non-Disparagement and Dispute Resolution Agreement

**1.**　　Did Schnatter prove by a preponderance of the evidence that Laundry Service breached the terms of the Confidentiality Non-Disparagement and Dispute Resolution Agreement?

_____ Yes　　_____ No

If you answered YES, proceed to question number 2.

If you answered NO to question 1, you have completed your deliberations as to Schnatter's claims, and your foreperson should sign and date this form. Proceed to Verdict Form A.

**2.**　　Did Schnatter prove by a preponderance of the evidence that he suffered damage or loss as a result of Laundry Service's breach?

_____ Yes　　_____ No

If you answered YES, proceed to question number 3.

If you answered NO, you have completed your deliberations as to Schnatter's claims, and your foreperson should sign and date this form. Proceed to Verdict Form A.

**3.**　　Please enter the amount of damages you award to Schnatter for Laundry Service's breach of the Confidentiality Non-Disparagement and Dispute Resolution Agreement.

$_____

You have completed your deliberations regarding Schnatter's claims, and your foreperson should sign this form. **Proceed to Verdict Form A.**

13

_____

FOREPERSON'S SIGNATURE


_____

FOREPERSON'S JUROR NUMBER


DATE     _____


**You are finished.  Please inform the Court.**

14