# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

### *ELECTRONICALLY FILED*

| | |
|---|---|
| **JOHN H. SCHNATTER,** | **Case No. 3:20-cv-00003-BJB-CHL** |
| **Plaintiff,** | **JUDGE BENJAMIN J. BEATON** |
| **v.** | **MAGISTRATE JUDGE COLIN H. LINDSAY** |
| **247 GROUP, LLC d/b/a LAUNDRY SERVICE,** | |
| **Defendant.** | |

## DEFENDANT 247 GROUP, LLC d/b/a LAUNDRY SERVICE'S OPPOSITION TO PLAINTIFF JOHN H. SCHNATTER'S MOTION TO COMPEL PRODUCTION OF CONFIDENTIAL FINANCIAL INFORMATION

KENDALL BRILL & KELLY LLP

Bert H. Deixler (*pro hac vice*)
 Email: bdeixler@kbkfirm.com
Patrick J. Somers (*pro hac vice*)
 Email: psomers@kbkfirm.com
David T. Freenock (*pro hac vice)*
 Email*:* dfreenock@kbkfirm.com
 10100 Santa Monica Blvd., Suite 2500
Los Angeles, California 90067
Telephone: (310) 556-2700
Facsimile: (310) 556-2705

*Counsel for Defendant*

KAPLAN JOHNSON ABATE & BIRD LLP

Michael P. Abate
 Email: mabate@kaplanjohnsonlaw.com
710 West Main Street, 4th Floor
Louisville, Kentucky 40202
Telephone: (502) 416-1630
Facsimile: (502) 540-8282

*Counsel for Defendant*

604497151.2

## TABLE OF CONTENTS

**Page**

I.    Introduction ...................................................................................................................1

II.   Background ....................................................................................................................2

      A.    Mr. Murphy Was Designated as an Expert Witness, Not a Fact Witness ...............2

      B.    Laundry Service Promptly Corrected the Record ......................................................3

      C.    This Court Expressed Skepticism About Pre-Trial Financial Discovery ................3

III.  Argument .......................................................................................................................4

      A.    Pre-Judgment Discovery into the Finances of Laundry Service Is Not Permitted ..................................................................................................................4

      B.    Mr. Murphy's Testimony Does Not Support Pre-Judgment Financial Discovery ...................................................................................................................8

      C.    Rule 26(e) Does Not Require Supplementation .........................................................8

      D.    Proportionality Does Not Favor Discovery ..............................................................9

IV.   Conclusion ...................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Air Crash Disaster*,
  86 F.3d 498 (6th Cir. 1996) ...............................................................................................8

*Baer v. G & T Trucking Co.*,
  2004 WL 6340449 (D. Minn. Aug. 26, 2004) .....................................................................6

*United States v. Conces*,
  507 F.3d 1028 (6th Cir. 2007) ...........................................................................................5

*Dickson v. National Maintenance & Repair of Kentucky, Inc.*,
  2011 WL 2610195 (W.D. Ky. July 1, 2011) ......................................................................6

*In re: Fiddler's Creek, LLC*,
  2016 WL 3906927 (M.D. Fla. July 19, 2016) ....................................................................7

*Groupwell Int'l (HK) Ltd. v. Gourmet Express, LLC*,
  277 F.R.D. 348 (W.D. Ky. 2011)....................................................................................5, 6

*Hazard Coal Corp. v. Ky. W. Va. Gas Co.*,
  311 F.3d 733 (6th Cir. 2002) .............................................................................................7

*Hill v. Med. Device Bus. Services, Inc.*,
  2025 WL 1950300 (6th Cir. July 16, 2025).......................................................................8

*U.S. E.E.O.C. v. Ian Schrager Hotels, Inc.*,
  2000 WL 307470 (C.D. Cal. Mar. 8, 2000)........................................................................7

*Lincoln Elec. Co. v. MPM Techs., Inc.*,
  2009 WL 2413625 (N.D. Ohio Aug. 5, 2009) ....................................................................9

*Mattingly v. R.J. Corman R.R. Grp., LLC*,
  90 F.4th 478 (6th Cir. 2024) ..............................................................................................7

*United States v. Matusoff Rental Co.*,
  204 F.R.D. 396 (S.D. Ohio 2001)........................................................................................6

*Ranney-Brown Distribs., Inc. v. E.T. Barwick Indus., Inc.*,
  75 F.R.D. 3 (S.D. Ohio 1977).................................................................................5, 6, 10

*Schultz v. Gen. Elec. Healthcare Fin. Servs., Inc.*,
  360 S.W.3d 171 (Ky. 2012)................................................................................................7

*Sierrapine v. Refiner Prods. Mfg., Inc.*,
  275 F.R.D. 604 (E.D. Cal. 2011) ........................................................................................9

*Westbrook v. Charlie Sciara & Son Produce Co.*,
  2008 WL 839745 (W.D. Tenn. Mar. 27, 2008) .................................................................6

**Rules**

Fed. R. Civ. P. 26.............................................................................................................. *passim*

Fed. R. Civ. P. 26(b) ..............................................................................................................7

Fed. R. Civ. P. 26(e) ...........................................................................................................8, 9

Fed. R. Civ. P. 26(e)(1)(A) ....................................................................................................8

Fed. R. Civ. P. 69..........................................................................................................1, 5, 10

Fed. R. Civ. P. 69(a)(2).........................................................................................................5

Defendant 247 Group, LLC d/b/a Laundry Service ("Laundry Service") respectfully submits this opposition to Plaintiff John H. Schnatter's ("Schnatter") Motion to Compel (DN 517) and states as follows:

## I.       Introduction

Schnatter asks this Court to order unprecedented pre-judgment discovery into the confidential financial records of Laundry Service under Federal Rule of Civil Procedure 26 based solely on the testimony of an expert witness who was never designated to testify—and was never prepared or educated to testify—about Laundry Service's corporate structure, assets, or financial condition.  The motion should be denied.

*First*, and most fundamentally, Schnatter puts the cart before the horse.  Schnatter's demand for confidential financial records is classic post-judgment discovery that is not permitted before trial.  Schnatter is not a judgment creditor.  Should judgment be entered for Schnatter after trial (which is unlikely), he will be permitted to pursue post-judgment discovery under Federal Rule of Civil Procedure 69.  The law does not permit him to pursue such discovery now.

*Second*, the factual predicate for Schnatter's demand for post-judgment discovery is nonexistent.  Schnatter relies exclusively on the expert testimony of Mr. Matthew Murphy.  Mr. Murphy is not a fact witness.  He was designated as an expert witness on damages, not as Laundry Service's corporate representative, and he was not prepared or educated to address the corporate status and structure of Laundry Service.  Laundry Service has repeatedly confirmed—in writing and on the record—that it continues to exist as a separate legal entity with its own assets, liabilities, and contractual relationships.

This Court expressed skepticism about pre-trial financial discovery during the April 15, 2026, status conference.  As this Court observed, "I'm skeptical that you need to know the

information now." DN 512, PageID#: 13473. The Court observed that, even if financial discovery might become appropriate at some point, "there's another question of when it matters…. I very much come into this thinking they probably don't need to know this now." DN 512, PageID#: 13472.

The Court's skepticism was well founded. For these reasons, and those that follow below, the motion should be denied.

## II.  Background

### A.  Mr. Murphy Was Designated as an Expert Witness, Not a Fact Witness

Mr. Murphy was designated by Laundry Service as a rebuttal expert witness on damages. His expert report, dated May 3, 2024, addressed the economic damages claimed by Schnatter's expert and provided analysis regarding commercial sports sponsorships and naming rights. Declaration of Patrick J. Somers ("Somers Decl."), Ex. A, May 3, 2024, Expert Report of Matthew Murphy.[1] He was not a fact witness, much less designated as Laundry Service's corporate representative. He was not prepared or educated to address Laundry Service's corporate structure, assets, liabilities, or financial condition.

During Mr. Murphy's March 26, 2026 deposition, Schnatter's counsel asked Mr. Murphy a series of fact-based questions about The Team and Laundry Service's corporate status. When asked whether "THE TEAM still own[s] the business known as Laundry Service," counsel for Laundry Service objected for foundation, and Mr. Murphy responded with his personal understanding, which was wrong. Ex. B, Transcript of the March 26, 2026, Deposition of Matthew Murphy ("Murphy Dep. Tr.") at 14:16-22. Mr. Murphy testified: "Laundry Service was acquired

---

[1] "Ex. __" refers to an exhibit attached to the Declaration of Patrick J. Somers.

2

several years ago. And has since been folded into the -- formerly Wasserman, now THE TEAM umbrella." Murphy Dep. Tr. at 14:21-15:2.

This testimony, while offered in good faith, reflects Mr. Murphy's personal misunderstanding. As explained by counsel at the April 15 conference: "Mr. Murphy was asked a series of fact questions during his expert deposition, and he suggested that Laundry Service was now part of Wasserman, slash, THE TEAM. Mr. Murphy was incorrect in his understanding and doesn't actually have access to or information about the assets and liabilities of the company or its corporate structure, and he was just entirely mistaken." DN 512, PageID#: 13465-13466.

## B.    Laundry Service Promptly Corrected the Record

Upon receiving Schnatter's March 30, 2026 letter seeking clarification based on Mr. Murphy's testimony, counsel for Laundry Service responded on April 6, 2026, explaining that Mr. Murphy was not a fact witness and that his testimony was mistaken:

> As you know, Mr. Murphy is not a fact witness, is not designated as Defendant's corporate representative, and was not prepared or educated to address any factual-based subject, including the corporate status and structure of Laundry Service. Contrary to the suggestion in your letter, Defendant does not need to provide any supplemental information about itself. Laundry Service continues to exist as a separate legal entity, distinct from The Team, with its own assets, liabilities, and contractual relationships.

Somers Decl., Ex. C.

Schnatter's counsel responded on April 9, 2026, demanding production of "recent balance sheets and income statements" to "establish that Laundry Service remains a viable and distinct entity." Ex. D. This demand sought precisely the kind of pre-judgment financial discovery that is not permitted under Rule 26.

## C.    This Court Expressed Skepticism About Pre-Trial Financial Discovery

During the April 15, 2026, status conference, this issue was discussed at length. Counsel represented on the record: "Let me start being crystal clear. There is no asset transfer. Laundry

3

Service is a separate entity with separate assets and separate liability." DN 512, PageID#: 13465. Counsel further represented: "247 Group is a separate entity. It has its own assets and liabilities. It has its own contracts with third parties for services it provides in which those contracts are entered into with 247 Group, which, of course, does business by the name of Laundry Service." DN 512, PageID#: 13467. Counsel also explained that the appropriate mechanism for collection concerns is post-judgment discovery: "There are methods to deal with that in the post-judgment world, and he can pursue that. But that doesn't entitle him on a whim to suggest that this is somehow not a real entity." DN 512, PageID#: 13471.

The Court stated that its thinking was twofold: "Number one, this might not matter at all depending on what happened" at trial, and second, "there's another question of when it matters. If the answer to the first question is, yes, it matters, the second question is when. And so I very much come into this thinking they probably don't need to know this now." DN 512, PageID#: 13472. The Court also analogized the situation to a slip-and-fall case, suggesting that even if a plaintiff had "good rumors" that a defendant was winding down its affairs, the plaintiff might not be entitled to serve discovery demanding financial information pre-judgment. DN 512, PageID#: 13475-13476. The Court stated: "I understand why you want to know, but I don't think that's the same as whether you're entitled to." *Id.* The Court concluded: "I'm not going to require the defendants to produce any information now." DN 512, PageID#: 13476. Nevertheless, the Court offered Schnatter the option of filing a formal motion to compel. DN 512, PageID#: 13477.

III.   **Argument**

   A.   **Pre-Judgment Discovery into the Finances of Laundry Service Is Not Permitted**

The bedrock principle governing this motion is that pre-judgment discovery into a defendant's financial condition is ordinarily not permitted. "Ordinarily, Rule 26 will not permit

4

the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, as such matters are not relevant, and cannot lead to the discovery of admissible evidence." *Ranney-Brown Distribs., Inc. v. E.T. Barwick Indus., Inc.*, 75 F.R.D. 3, 5 (S.D. Ohio 1977). The same principle was recognized by the Western District of Kentucky in *Groupwell Int'l (HK) Ltd. v. Gourmet Express, LLC*, 277 F.R.D. 348 (W.D. Ky. 2011), which observed that "[o]rdinarily, Rule 26 will not permit the discovery of facts concerning a defendant's financial status." *Id.* at 359.

Rule 69 of the Federal Rules of Civil Procedure permits a judgment creditor to obtain such discovery "in aid of the judgment or execution." Fed. R. Civ. P. 69(a)(2); *see also Ranney-Brown*, 75 F.R.D. at 5 ("The judgment creditor is permitted discovery in order that he may find out what assets exist or have been fraudulently transferred."). The Sixth Circuit has confirmed that "[t]he scope of postjudgment discovery is very broad." *United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007) (quoting *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995)). But the operative word is "postjudgment." Schnatter is not a judgment creditor. He has no judgment against Laundry Service. He is asking this Court to permit him to engage in post-judgment discovery before any judgment has been entered—before trial has even occurred.

Schnatter's assertion that Rule 26 permits pre-judgment discovery into financial records to determine whether a defendant "may not be in a position to satisfy a judgment" is directly contrary to the law. DN 517, PageID#: 13527. As this Court held in *Groupwell*, "Rule 26 may not provide for discovery of financial information for the purpose of satisfying a judgment." *Groupwell*, 277 F.R.D. at 359. Such information is discoverable under Rule 26 only where "it is being sought to prove [the plaintiff's] case in chief." *Id.* (permitting discovery of financial information relevant to the counterclaim that plaintiff "engaged in fraud by altering invoices from its suppliers, overcharging [defendant], and then redistributing the overcharged amounts to certain

5

individuals"). Schnatter here is not seeking financial information to prove any element of his case in chief, i.e., breach of a nondisclosure agreement. By his own admission, he is seeking it to evaluate whether Laundry Service can satisfy a hypothetical future judgment—precisely the purpose that *Groupwell* and *Ranney-Brown* hold is not a proper basis for pre-judgment discovery under Rule 26.

The district court directly applied the rule articulated in *Groupwell* and *Ranney-Brown* to deny the plaintiff pre-judgment discovery of the defendant's assets in *Dickson v. National Maintenance & Repair of Kentucky, Inc.*, 2011 WL 2610195 (W.D. Ky. July 1, 2011). The plaintiff argued pre-judgment discovery was necessary because "this action was filed in 2008 and he has pursued his case diligently under the belief that Defendant had sufficient insurance coverage to pay substantial damages." *Id.* at *2. The court denied the motion: "The Court finds that pre-judgment discovery of Defendant's assets would not be relevant to this case." *Id.*

Schnatter's reliance on *Baer v. G & T Trucking Co.*, 2004 WL 6340449 (D. Minn. Aug. 26, 2004), is entirely misplaced. The plaintiffs in *Baer* asserted that the financial information was relevant to "plaintiffs' request for punitive damages." *Id*. at *4. Courts have long recognized that a defendant's financial condition is relevant—and therefore discoverable before judgment—when a plaintiff has a viable claim for punitive damages. *See Westbrook v. Charlie Sciara & Son Produce Co.*, 2008 WL 839745, at *2 (W.D. Tenn. Mar. 27, 2008) ("Evidence of a defendant's net worth and financial condition is relevant for discovery purposes when a plaintiff seeks punitive damages."); *United States v. Matusoff Rental Co.*, 204 F.R.D. 396, 399 (S.D. Ohio 2001) ("[S]ince the Plaintiff seeks to recover punitive damages … evidence of the financial condition of the Defendants is highly relevant in this litigation."). This is a breach of contract case. There is no claim for punitive damages.

6

For the same reasons, Schnatter's reliance on *In re: Fiddler's Creek, LLC*, 2016 WL 3906927 (M.D. Fla. July 19, 2016), and *U.S. E.E.O.C. v. Ian Schrager Hotels, Inc.*, 2000 WL 307470 (C.D. Cal. Mar. 8, 2000), is entirely misplaced.  Both cases also involved claims for punitive damages. *Fiddler's*, 2016 WL 3906927, at *3 ("[I]n most cases financial discovery is not appropriate until after a judgment is entered, but when punitive damages are sought, the plaintiff is entitled to seek discovery under Rule 26."); *Ian Schrager Hotels*, 2000 WL 307470, at *4 ("Clearly, plaintiff may obtain defendants' financial information …. Such information is relevant under Rule 26(b) to plaintiff's claims for damages and punitive damages.").

Nor are there alter ego allegations.  There is no veil-piercing claim.  Schnatter has never alleged that Laundry Service is a mere instrumentality of any other entity or that the corporate form has been misused.  "Under Kentucky law, separate corporate interests, including subsidiaries and affiliates are separate legal entities and must be recognized and treated as such unless there is some reason to pierce the corporate veil." *Mattingly v. R.J. Corman R.R. Grp., LLC*, 90 F.4th 478, 488 (6th Cir. 2024) (quoting *Hazard Coal Corp. v. Ky. W. Va. Gas Co.*, 311 F.3d 733, 739 (6th Cir. 2002)).  Such reasons are found "only in the rarest of circumstances." *Id.* (quoting *Schultz v. Gen. Elec. Healthcare Fin. Servs., Inc.*, 360 S.W.3d 171, 174 (Ky. 2012)).  Schnatter has made no showing that would warrant piercing the corporate veil, yet he asks the Court to order financial discovery as if such a claim existed.  This is improper.

As this Court correctly observed during the April 15, 2026, status conference, Schnatter's concerns about collection "might not matter at all depending on what happened" at trial.  DN 512, PageID#: 13472.  There should be no doubt that his request does not matter now and should be denied.

**B.     Mr. Murphy's Testimony Does Not Support Pre-Judgment Financial Discovery**

Schnatter's motion rests entirely on the expert testimony of Mr. Murphy.  But Mr. Murphy was designated solely as an expert witness to rebut Schnatter's calculation of damages.  He was never designated as Laundry Service's corporate representative.  He was not prepared or educated to testify about Laundry Service's corporate structure, assets, or financial condition.  An expert witness's mistaken testimony about matters outside his expertise does not create a basis for pre-judgment fishing expeditions into confidential financial records in contravention of Rule 26.  *Hill v. Med. Device Bus. Services, Inc.*, 2025 WL 1950300, at *5 (6th Cir. July 16, 2025) ("It is well-known that expert witnesses, though qualified in one area, may not testify beyond their specific expertise.").

**C.     Rule 26(e) Does Not Require Supplementation**

Schnatter asserts Laundry Service failed to supplement its prior discovery responses under Rule 26(e).  DN 517, PageID#: 13530.  This argument is meritless.

Rule 26(e)(1)(A) requires a party to supplement or correct a prior disclosure or response "if the party learns that in some material respect the disclosure or response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).  But as the Sixth Circuit has explained, this duty "does not require that a party volunteer information not fairly encompassed by the earlier request." *In re Air Crash Disaster*, 86 F.3d 498, 539 (6th Cir. 1996).[2]

---

[2] *In re Air Crash Disaster* applied the pre-2000 version of Rule 26(e), which placed the duty to supplement discovery responses in subsection (e)(2).  The 2000 amendments to the Federal Rules restructured Rule 26(e), consolidating the supplementation duties under 26(e)(1)(A).  The principle articulated in *Air Crash*—that a party need not volunteer information outside the scope of the original request—remains substantively unchanged under the current rule.  *See* Fed. R. Civ. P. 26 advisory committee's note to the 2000 amendment.

The organizational chart produced in response to Request for Production No. 1 depicted the corporate relationship between Laundry Service and Wasserman Media Group.  The chart was accurate then and remains accurate now.  No supplementation is required.

Moreover, Schnatter's claim that Laundry Service "objected and did not produce any documents" in response to requests for financial information confirms that no prior response to a financial information request needs to be supplemented.  DN 517, PageID#: 13524.  Laundry Service objected to producing financial information because such information is not relevant to any claim or defense in this action.  That objection remains valid today.  Rule 26(e) does not transform a proper objection into an affirmative obligation to produce the very documents that were properly withheld.

### D.  Proportionality Does Not Favor Discovery

Schnatter asserts the requested discovery is proportional to the needs of the case.  DN 517, PageID#: 13530-13531.  But proportionality cuts against Schnatter's position.

This is a case about an alleged breach of contract, not corporate misconduct or fraudulent transfers.  There are no alter ego allegations.  There are no veil-piercing claims.  There are no claims for punitive damages.  The financial condition of Laundry Service is simply not relevant to any claim or defense actually at issue in this litigation.  *See Sierrapine v. Refiner Prods. Mfg., Inc.*, 275 F.R.D. 604, 605, 609-610 (E.D. Cal. 2011) (denying motion to compel because information about defendant's financial condition was not relevant to any claims or defenses in breach-of-contract action); *Lincoln Elec. Co. v. MPM Techs., Inc.*, 2009 WL 2413625, at *3 (N.D. Ohio Aug. 5, 2009) (denying motion to compel financial information sought for purposes of evaluating defendant's ability to satisfy judgment because it was irrelevant to claims or defenses at issue in breach-of-contract case).

9

Schnatter asserts the "highly sensitive" nature of the financial records can be addressed through confidentiality protections. But confidentiality designations do not solve the fundamental problem: Schnatter is seeking discovery that is not relevant to any claim or defense and that is not permitted until after judgment. The burden of producing confidential financial information to Schnatter—even under a protective order—is itself a burden that Laundry Service should not be required to bear in the absence of a legitimate basis for the discovery at this time.

If Schnatter ultimately obtains a judgment against Laundry Service (and he will not), he will have access to post-judgment discovery under Rule 69. But he has not obtained a judgment and thus is not entitled to post-judgment discovery now. *Ranney-Brown*, 75 F.R.D. at 5 (denying motion to compel production of financial information in the absence of a judgment).

## IV.    Conclusion

For the foregoing reasons, Laundry Service respectfully requests that the Court deny the motion.

Dated: May 1, 2026                                          Respectfully submitted,


                                                            */s/ Patrick J. Somers*
Michael Abate                                               Patrick J. Somers (*pro hac vice*)
 Email:  mabate@kaplanjohnsonlaw.com                         Email: psomers@kbkfirm.com
KAPLAN JOHNSON ABATE & BIRD LLP
710 West Main Street, 4th Floor                             Bert H. Deixler (*pro hac vice*)
Louisville, Kentucky 40202                                   Email:  bdeixler@kbkfirm.com
Telephone:  502.416.1630                                    David T. Freenock (*pro hac vice*)
                                                             Email: dfreenock@kbkfirm.com
                                                            KENDALL BRILL & KELLY LLP
                                                            10100 Santa Monica Blvd., Suite 2500
                                                            Los Angeles, California 90067
                                                            Telephone:  310.556.2700
                                                            Facsimile:   310.556.2705

                                                            *Counsel for Defendant*

10