**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:20-CV-00003-BJB-CHL**

JOHN H. SCHNATTER,                                                                    Plaintiff,

v.

247 GROUP, LLC, et al.,                                                              Defendants.

## ORDER

On April 15, 2026, the Court conducted a telephonic status conference to discuss the Parties' issues in discovery.  (DN 510.)  During the conference, the Parties mentioned several discovery issues, two of which are relevant for this Order.  First, Defendant asserted that Plaintiff inappropriately redacted and withheld portions of his medical records while producing an inadequate privilege log.  As such, the Court ordered Plaintiff's counsel to provide the Court with the entirety of Plaintiff's medical records subject to the dispute, along with the versions provided to Defendant, as well as Plaintiff's privilege log so that the Court may conduct an in camera review to determine whether Plaintiff should produce the entirety of his unredacted medical records.  (*Id.*)  However, on April 17, 2026, Plaintiff filed a report with the Court asserting that he had produced the full set of unredacted medical records to Defendant in an attempt to resolve the discovery issue without Court involvement.  (DN 509.)  Counsel for Plaintiff also advised the Court that Plaintiff's medical provider did not preserve some of the documents Defendant had requested from Plaintiff due to its document retention policy.  (DN 516.)

On April 17, 2026, the Order for Proceedings for the April 15, 2026, telephonic status conference was docketed.  (DN 510.)  This was the same day that Plaintiff filed his status report asserting that he decided to produce all unredacted medical records, absent redactions made

pursuant to Rule 5.2. (DN 509.) For this reason, counsel for Plaintiff sent an email to chambers for the undersigned, inquiring as to whether Plaintiff's report mooted any compliance ordered by the Court. Counsel for Defendant responded to the email, stating that due to the loss of medical records by Plaintiff's provider, Defendant believed that the Court should continue to review all of the materials it ordered Plaintiff to provide to the Court. As such, the undersigned instructed Plaintiff to produce documents to the Court as ordered.

The Court reviewed the documents in camera. However, the Court originally ordered Plaintiff to produce those documents to review the sufficiency of Plaintiff's claims of privilege and determine whether the unredacted documents should be produced over Plaintiff's objections. (DN 510.) But Plaintiff represents that he has already given the unredacted documents to Defendant. Even so, Defendant still wanted the Court to review what Plaintiff gave to the Court in camera. Because of Plaintiff's representations, the Court cannot determine, based only on what Plaintiff gave to the Court, whether Plaintiff is withholding anything from Defendant beyond what he gave the Court. As such, it is unclear to the Court what more must be done regarding the unredacted documents. Therefore, the Court will take no further action with respect to those documents at this time. Instead, the Court will instruct the Parties to meet and confer to file a joint status report to advise the Court as to what discovery issues remain between the Parties. The Court takes the opportunity now to advise the Parties that disagreement is not a reason to file separate status reports. Even if the Parties do not agree, the Parties should so indicate in a single joint status report.

Accordingly,

IT IS HEREBY ORDERED that no later than **May 15, 2026**, the Parties shall file a joint status report advising the Court as to what discovery issues remain.

May 5, 2026

Colin H Lindsay, Magistrate Judge
United States District Court

cc:  Counsel of record

3