**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:20-CV-00003-BJB-CHL**

JOHN H. SCHNATTER,                                                    **Plaintiff,**

**v.**

**247 GROUP, LLC, et al.,**                                          **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Motions for Leave to Seal filed by Plaintiff John H. Schnatter

("Plaintiff") and Defendant 247 Group, LLC ("Defendant").  (DNs 442, 451, 458, 483, 490, 501,

504.)  United States District Judge Benjamin J. Beaton dismissed this case with prejudice and

denied all pending motions as moot.  (DN 529.)  But when a case is dismissed, the record remains

available to the public.  Therefore, the question of the public's right of access to documents filed

in the record is still live.  *See generally Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*,

825 F.3d 299, 305 (6th Cir. 2016) (holding that the public has a strong interest in obtaining

information contained in the court record).  For the following reasons, the Court will direct the

Clerk of Court to permanently unseal DNs 441, 452, 459, 490, 502, and 505.  DN 483 shall remain

permanently under seal.

I.        **Background**

This six-year case concerns Plaintiff's claim that Defendant breached its contract with him

by secretly recording a phone call between itself and Plaintiff, and leaking a portion of that call in

which Plaintiff used a racial slur to Forbes Magazine ("Forbes") in May of 2018.[1]  (DN 1 at ¶¶ 4-

7.)  Two months later, Forbes published an article entitled "Papa John's Founder Used N-Word on

_____

[1] The factual background of this case has been recounted extensively by the Court several times.  (DNs 336, 399, 403.)
Therefore, the Court will present a summarized version here.

Conference Call." (*Id.* at ¶ 8.) After Forbes published this article, Plaintiff resigned as Chairman of Papa John's International. (*Id.*)

On Defendant's Motion to Compel (DN 260), the Court ordered Plaintiff to produce "information and documents responsive to Defendants'[2] Requests for Production Nos. 53-58, 61, 64, 71 and 72 in Defendants' Fourth Set of Requests for Production (DN 593-3), to Requests for Production Nos. 71 and 72 in Defendants' Sixth Set of Requests for Production (DN 259-7), and answers responsive to Requests for Admission Nos. 19 and 20 in Defendants' Third Set of Request for Admissions (DN 259-4)." (DN 336 at PageID # 9289.) These requests sought documents from Plaintiff that reference his alleged alcohol abuse and his alleged treatment at a rehabilitation facility. (*Id.* at PageID # 9265-66.) Plaintiff objected to the Court's Order (DN 337) and the Court overruled Plaintiff's objection at the February 12, 2026, hearing. (DN 439.) Defendant then moved for an order from the Court compelling Plaintiff to comply with the Court's March 28, 2024, Order to Compel. (DN 441.) In its Motion, Defendant asserted that despite being ordered to do so three times, Plaintiff had refused to produce the requested documents. (*Id.* at PageID # 11275.) In support of its Motion, Defendant attached a Declaration of Patrick J. Somers, attorney for Defendant, wherein Somers recounted Defendant's efforts to procure the requested documents. (DN 441-1.) On February 26, 2026, the Court conducted a hearing to address Plaintiff's compliance with the Court's Order and filed a transcript of the hearing. (DNs 446, 447.)

Plaintiff also filed a Motion in Limine to exclude all hearsay evidence relating to Plaintiff's alleged treatment for alcohol abuse. (DN 489.) Plaintiff filed another Motion in Limine to exclude a letter written by Plaintiff in August of 2018. (DN 482.) Defendant filed a Motion in Limine to exclude expert testimony from Carl F. Christiansen. (DN 500.) As an exhibit, Defendant filed the

---

[2] When this Order was issued, there were two Defendants in this case. However the Court dismissed Plaintiff's claims against Defendant Wasserman Media Group, LLC, leaving 247 Group, LLC as the sole Defendant. (DN 279.)

transcript of the deposition of Carl F. Christiansen.  (DN 502.)  Defendant also filed a Motion in Limine to exclude the expert testimony of Doug Bania and filed Bania's expert report as well as a deposition transcript of Bania as an exhibit.  (DN 503.)

Plaintiff filed five Motions to Seal; Defendant filed two.  Plaintiff asks the Court to seal Defendant's February 23, 2026, Supplemental Report (DN 442, 458), portions of the Official Transcript of In-Person Hearing on February 12, 2026 (DN 451), the letter sent by Plaintiff on August of 2018 (DN 483), and portions of the Motion in Limine filed by Plaintiff.  (DN 490.)  Defendant asks the Court to seal portions of a deposition of Carl F. Christiansen (DN 501), an expert report created by Doug Bania, and a deposition of Doug Bania.  (DN 504.)  However, the Court notes that Defendant filed these Motions to fulfill its obligation under the confidentiality agreement with Plaintiff.  Defendant itself takes the position that none of those documents should remain permanently under seal.  (*Id.*)

## II.    Discussion

Plaintiff's February 23, 2026, Motion to Conduct Proceedings Related to February 26, 2026, Hearing in Camera and Under Seal (DN 442) was partially referred to the undersigned  to resolve the issue of sealing.  (DN 447, at PageID # 11390.)  Upon review of Plaintiff's Motion, the Court finds that Plaintiff does not address the requisite standard for sealing and thus his Motion should be denied.  Ordinarily, the Court would deny such a motion without prejudice and order the party seeking the seal to file a new motion that meets the standard under *Shane Group*. However, given the extensive motion practice on sealing between the Parties in this matter, the Court does not find that Plaintiff should be given a new opportunity to request a seal.  Even so, Plaintiff's request to seal would fail regardless because it does not merit sealing under *Shane Group*.

Defendant filed its April 16, 2026, Motions to Seal pursuant to its confidentiality agreement with Plaintiff.  (DN 501, at PageID # 12589; DN 504, at PageID # 13092.)  However, Defendant intended to oppose permanently sealing those records once Plaintiff filed his response in favor of sealing those records.  (*Id.*)  Given that Plaintiff never filed his response in which he would have the opportunity to justify the records remaining under seal, Defendant's Motions are denied.

### A.      Standard of Review

In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), the Supreme Court held that "every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Id.* at 598.  Accordingly, the Sixth Circuit Court of Appeals reviews a district court's order to seal its records for abuse of discretion.  *Shane Grp.*, 825 F.3d at 306.  But the Sixth Circuit does not accord the district court the traditional scope of narrow review reserved for discretionary decisions based on first-hand observations due to the important right of public access to court records.  *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).  Therefore, only the most compelling reasons can justify non-disclosure of judicial records.  *Id.*

It is well established that a "strong presumption" exists in favor of keeping court records open to the public.  *See e.g., Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176–79 (6th Cir. 1983).  The party seeking to seal the records bears the heavy burden of overcoming the presumption, and "only the most compelling reasons can justify non-disclosure of judicial records."  *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville*, 723 F.2d at 476).  To meet this burden, the party seeking a seal must show: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's right of access; and (3) that the proposed seal is narrowly tailored.  *Id.*; *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589,

593–94 (6th Cir. 2016) ("[O]nly trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access."). The Sixth Circuit has held that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys.*, 297 F.3d 544, 548 (7th Cir. 2002)). Further, in ruling on a motion to seal, the court is required to make "specific findings and legal conclusions 'which justify nondisclosure to the public.'" *Rudd*, 834 F.3d at 594 (quoting *Brown & Williamson*, 710 F.2d at 1176).

**B.      Plaintiff's reliance on 42 U.S.C. § 290dd-2(c) is misplaced.**

Plaintiff seeks to seal most of the documents at issue for the same reason: they reference Plaintiff's alleged treatment for alcohol abuse. Plaintiff argues that 42 U.S.C. § 290dd-2(c) prohibits any party from using or disclosing the contents of substance abuse treatment and "expressly prohibits" parties from making substance abuse treatment part of any records or testimony in any civil action. In fact, § 290dd-2(c) reads as follows:

> Except as otherwise authorized by a court order under subsection (b)(2)(C) or by the consent of the patient, *a record referred to in subsection (a), or testimony relaying the information contained therein*, may not be disclosed or used in any civil, criminal, administrative, or legislative proceedings conducted by any Federal, State, or local authority, against a patient, including with respect to the following activities:
> (1)      Such *record or testimony* shall not be entered into evidence in any criminal prosecution or civil action before a Federal or State court.

Section 290dd-2(c) (emphasis added). The statute prohibits parties from disclosing or using *records* in any civil proceeding, in addition to testimony relaying the information contained therein. Records include "any information, whether recorded or not, created by, received, or

acquired by a part 2 program relating to a patient." 42 C.F.R. § 2.11. None of the documents Plaintiff seeks to seal are records protected by 42 U.S.C. § 290dd-2.

Plaintiff's February 23, 2026, Motion to Seal asks the Court to seal a declaration[3] detailing the contents of a conference between the Parties' counsel. (DN 44.) The declaration was filed as an exhibit to Defendant's Supplemental Report. (DN 441-1.) The declaration is certainly not a record under 42 C.F.R. § 2.11, nor has Plaintiff given the Court any authority to suggest that it is testimony relaying information contained in a record. In fact, Plaintiff's two arguments as to why the declaration should be sealed are: (i) the declaration contains inaccuracies and misrepresentations; and (ii) the declaration contains details of alleged treatment that Plaintiff received. (DN 442, at PageID # 11326.) As for the first argument, inaccuracies and misrepresentations are not by themselves grounds for sealing.[4] As for the second, the declaration only alleges that Plaintiff received treatment for a period; it does not detail any aspect of Plaintiff's treatment. Therefore, Plaintiff's arguments are unpersuasive.

As for the Supplemental Report itself, Plaintiff asks the Court to seal portions of the Supplemental Report (DN 441) referencing the declaration. (DN 458, at PageID # 11470.) Logically, if those portions of the declaration needed to be sealed, then the portions of the Supplemental Report referencing the sealed parts of the declaration should be sealed as well. But the declaration does not need to be sealed. Nor does the Report contain any "testimony relaying the information contained" in Plaintiff's medical records. Thus, the Court does not see why any portion of the Report should be sealed. *See* 42 U.S.C. § 290dd-2.

Plaintiff's March 5, 2026, Motion for Leave to Redact Transcript (DN 451) asks the Court to redact portions of the February 12, 2026, Transcript of Remote Hearing before Judge Beaton

---

[3] Although Plaintiff refers to the document as an affidavit, it is actually a declaration.
[4] The Court takes no position as to whether the declaration does in fact contain inaccuracies and misrepresentations.

(DN 432.)  Plaintiff has also filed his proposed redactions under seal.  (DN 452.)  Nowhere in Plaintiff's proposed redactions does anyone testify as to the contents of any confidential records. Therefore, the Transcript is not protected under 42 U.S.C. § 290dd-2.

Finally, Plaintiff asks the Court to seal one portion of his April 16, 2026, Motion in Limine (DN 489.)  The Court has examined the unredacted version of the Motion (DN 491) and does not find that the portion Plaintiff seeks to redact should be sealed.  The redacted portion is neither a treatment record, nor is it testimony relaying the contents of a treatment record.  Therefore, 42 U.S.C § 290dd-2 does not apply.

C.     **There is no compelling interest sufficient to overcome the public's right to access the records at issue.**

Plaintiff argues that all of these documents should be sealed to the extent they discuss his alleged treatment because any reference to his alleged substance abuse treatment under seal would thwart the public policy of encouraging people who need treatment to seek it out.  (DN 451, at PageID # 11429.)  The Court has recognized that, even if certain documents are not required by law to remain secret, statutes and regulations may nevertheless embody a public policy favoring secrecy.  *Schnatter v. 247 Grp., LLC*, No. 3:20-CV-00003-BJB-CHL, 2024 WL 4846216, at *5 (W.D. Ky. Nov. 20, 2024) (citing *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 477 (6th Cir. 1983)).  The Sixth Circuit has recognized that the underlying purpose of the Drug Abuse Office and Treatment Act of 1972 was to most effectively deploy federal resources against the growth of drug abuse in the United States.  *Ellison v. Cocke Cnty, Tenn.*, 63 F.3d 467, 470-71 (6th Cir. 1995).  Congress felt that individuals in need of drug abuse treatment would be discouraged from seeking help if their medical records were not confidential.  *Id.* at 471.  However, the statute reflects a public policy in protecting treatment *records* from the public, not the mere fact or allegation of treatment.  The Court is unaware of any authority—nor has Plaintiff provided any—

7

to suggest that any mention of treatment for substance abuse should be kept from the public. Medical records contain many personal and intimate details concerning patients, far more deserving of protection than a mere allegation of treatment. Therefore, Plaintiff does not have a compelling interest in keeping these records under seal.

As for the letter (DN 484), Plaintiff does not argue that this letter references any allegations of treatment for substance use. Instead, Plaintiff argues that the letter is a confidential document that Plaintiff wrote and sent believing that it would remain confidential under the policies of Papa John's International's human resources department. Such policies may be binding on Papa John's International's employees, but they are not binding on the Court. Therefore, the Court is unpersuaded that Plaintiff has a compelling privacy interest in sealing these records.

As for the public's right to access these records, the Court recognizes that the public interest in accessing some of these documents is low. Status reports generally carry a lesser public interest than other filings such as dispositive motions. As such, these documents are unlikely to form the basis of any opinion issued by this Court that would affect the rights of the Parties or the development of federal law. *See Brown & Williamson*, 710 F.2d at 1179 ("Civil cases frequently involve issues crucial to the public—for example, discrimination, voting rights, antitrust issues, government regulation, bankruptcy, etc."). Moreover, in light of the case's dismissal and the subsequent denial of all pending Motions in Limine as moot, the public's right to access these motions is now much lower as the Court is highly unlikely to ever rely on them.

However, the public has a greater interest in accessing the February 12, 2026, Transcript (DN 432) because it relates to the Court's Order on Plaintiff's Objection to DN 337 that in turn relates to Defendant's discovery requests. (DN 336.) Orders on discovery motions usually carry a greater public interest because such orders often resolve important legal questions underlying

8

whether parties are entitled to certain documents.[5]  And unlike the Motions in Limine, the Court has issued orders on this dispute before.  (DN 336.)  Therefore, the public interest in these documents is higher than what might otherwise be the case.

But even if the public interest in all of these documents were low, and even assuming arguendo that Plaintiff had a privacy interest sufficient to justify sealing, the sealing would still need to be narrowly tailored to protect the interests in support of nondisclosure.  *Shane Grp.*, 825 F.3d at 306.  As for the documents relating to Plaintiff's alleged substance use and treatment, the Court cannot so easily seal these documents without needing to seal countless others in the record. Plaintiff's alleged substance abuse treatment has been mentioned several times in the record because it has become so central to this case.  It was the basis for Defendant's Motion to Compel. (DN 260.)  It is relevant to his claim for reputational damages and loss of future lifetime earnings. (DN 259, at PageID # 7982.)  It is relevant to his credibility, as he had previously denied under oath that he received any treatment for alcohol abuse.  (*Id.* at PageID # 7982-83.)  It is also relevant to the credibility of other witnesses who testified that he did receive treatment.  (*Id.* at PageID # 7983.) ("Schnatter's position thus creates a scenario where he either is (i) committing perjury or (ii) other witnesses have committed perjury, which invites questions about their own motivations to harm Schnatter and supports an inference of an "inside job" that Schnatter has attributed to the publication of the Forbes article quoting his use of the 'N-word.'") (italics in original).  It is relevant to Defendant's theory that Papa John's International wanted to separate from Plaintiff because of his alleged misconduct, rather than the leaked conference call.  (*Id.*, at PageID # 7990.) Finally, it is relevant as to whether the leaked conference call truly damaged Plaintiff's reputation

---

[5] The Court recognizes that this is not always the case.  *E.g., Arnold v. Zakarian*, No. 3:25-MC-00003-CHB-CHL, 2025 WL 2263698, at *5 (W.D. Ky. Aug. 7, 2025) (holding that an exhibit to a motion concerning collateral discovery issues carried a lesser public interest).  But it is the case here because the issue in discovery was central to this matter.

as much as Plaintiff claims.  (*Id.* at PageID # 7989.)  If the Court were to seal these documents, then the Court would be faced with an all-or-nothing situation.  The Court would either not protect Plaintiff's privacy interests at all, given the repeated references to the alleged treatment elsewhere, or the Court would have to seal these references everywhere in the record to meaningfully protect Plaintiff's privacy interest.  The Court cannot do the latter given the allegation's importance to this case, and doing the former would defeat the purpose of sealing to begin with.  Therefore, the proposed redactions are not narrowly tailored.  Accordingly, Plaintiff's requests to seal these documents are denied.

However, the Court finds that the August 2018 letter should be sealed.  Indeed, the Court does not find that Plaintiff has a compelling privacy interest in sealing that letter.  However, the Court recognizes that the subject matter of the letter implicates sensitive topics concerning Papa John's International's leadership, meaning that it could very well be used for an improper purpose. When the public has a greater interest in accessing court documents, the party seeking a seal must show a greater privacy interest sufficient to justify sealing.  *Shane Grp.*, 825 F.3d at 299.  But the inverse is true as well: when the public interest in a document is low, the lower the standard is for sealing it.  *Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, No. 3:13-cv-82-CRS-CHL, 2017 WL 3220470, at *5 (W.D. Ky. Jul. 28, 2017).  Unlike Plaintiff's allegations of substance abuse and treatment, the contents of the letter have not become so central to this case that the Court would need to seal large portions of the record to protect the proffered privacy interest.  Therefore, the Court will seal this document.

## III.    Order

For the foregoing reasons,

IT IS HEREBY ORDERED that:

10

(1)    DNs 432, 441, 452, 459, 491, 502, and 505 with all of their exhibits shall be permanently unsealed and unredacted.

(2)    DN 484 shall remain permanently under seal.

June 8, 2026

Colin H Lindsay, Magistrate Judge
United States District Court

cc:  Counsel of record

11